JOSEPH BATTELL, Appellant, *v.* GEORGE W. BURRILL, Respondent.

The provision of the third section of the act of 1833 (chap. 319, Laws of 1833) amending the act incorporating the (then) village of Brooklyn, which authorizes the taking of the residue of any lot upon the written consent of the owner, where a portion thereof is required for the opening of a street, etc., provides no way for divesting the title of infants to lands not required for the contemplated improvements.

Neither the general guardian nor the guardian *ad litem* of an infant has power to give consent, and the only mode of transferring his title to the city is by proceedings pursuant to the Revised Statutes for the sale of infants' estates.

(Argued June 10, 1872; decided June 20, 1872.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff, entered upon the decision of the court at Special Term and directing a new trial.

This is an action of ejectment to recover possession of a lot of ground at the corner of Bedford and De Kalb avenues, in the city of Brooklyn. Defendant claims as tenant of Matilda Steinworth, Theodore Steinworth, Charles Steinworth, Frederick Steinworth and Caroline Steinworth. This lot is part of four lots of ground which belonged to the Steinworths in 1847. In 1847 the city of Brooklyn instituted proceedings to open De Kalb avenue and close De Kalb street. The line of De Kalb avenue runs through the Steinworth lots and cuts off the lot or gore in question. Commissioners were appointed, and the usual proceedings took place. On the 30th September, 1847, upon petition of the mayor and common council of Brooklyn, the County Court of Kings county appointed Augustus H. Sidell guardian *ad litem* for the Steinworths, who were all infants under fourteen years of age. The commissioners made their first report November 11, 1847, in which they awarded the Steinworths $420 for the land taken for opening the avenue and $75 for the land left south of the new avenue. Mr. Sidell, the guardian *ad litem*, filed objections against the amount awarded, but the objections were overruled by the commissioners. In their final report the commissioners say that the lot has been relinquished, under an order of the Supreme Court, by the widow and general guardian of the infant children of Anthony Steinworth, deceased. The order referred to by the commissioners was made by the County Court in relation to opening Fulton avenue. The relinquishment referred to purports to have been made by "Margaret Steinworth, widow of the late Anthony Steinworth, deceased, and John H. Hess, general guardian of the infant children of said Anthony Steinworth." On the 23d July, 1851, the city of Brooklyn conveyed the gore lot in question to James Humphrey. The plaintiff claims title under this deed. At this time and during all

these proceedings the Steinworths were in full possession of the premises in question.

*De Witt C. Brown* for the appellant. The city was authorized to take the land in question. (*Embury* v. *Conner*, 3 Comst., 511; *N. Y. C. R. R.* v. *Marvin*, 11 N. Y., 276.) The requirement of a consent in writing may be waived by the owner. (*Baker* v. *Braman*, 6 Hill, 47; *Dyckman* v. *The Mayor*, 1 Seld., 434.) The fact that the owner appeared and objected to amount of award was a waiver of such consent. (*Sherman* v. *McKeon*, 38 N. Y., 266.) The infants are bound by the acts of their attorney, and his attestation and preparation of the deed to the city was a sufficient manifestation of consent. (*Welford* v. *Beasley*, 3 Atk., 513; *Embury* v. *Conner*, 3 Comst., 511.) The confirmation of commissioners' reports is an adjudication and conclusive as to regularity of proceedings. (*Embury* v. *Conner*, 3 Comst., 511; *In re John and Cherry streets*, 19 Wend., 659.) An application under the Revised Statutes is sufficient if oral. (*O'Reily* v. *King*, 28 How., 408.) The closing of a street carries the title of adjoining owners to the center. (*Bissell* v. *N. Y. C. R. R.*, 23 N. Y., 61; *Sherman* v. *McKeon*, 38 id., 266; *Adams* v. *Saratoga R. R. Co.*, 11 Barb., 414; 1 Sandf., 323; 2 id., 334; 3 Kent's Com., 432, etc.; *Perrin* v. *N. Y. C. R. R. Co.*, 36 N. Y., 122, 124, etc.)

*C. W. Sandford* for the respondent. All acts taking private property, save such as the public use requires, are unconstitutional. (*Matter of Albany*, 11 Wend., 149; 51 Barb., 277; 35 How., 355.) The only exception is where owner gives consent. (*Embury* v. *Conner*, 3 Comst., 511.) One claiming title under municipal sale must show that all the proceedings were regular and in full compliance with the act. (1 Sandf., 187; *Sharp* v. *Johnson*, 4 Hill, 92; *Sharp* v. *Speir*, 4 id., 76; *Platt* v. *Stewart*, 8 Barb., 493; *Lane* v. *Morell*, 3 Edw., 185.) A guardian has no authority to sell the real

estate of an infant. (*Genet* v. *Tallmadge*, 1 Johns. Ch., 561; *Pond* v. *Curtiss*, 7 Wend., 45.)

RAPALLO, J. The premises in dispute were not taken by the city of Brooklyn in the exercise of the right of eminent domain nor for any public purpose, but are claimed to have been acquired pursuant to the third section of the act of April 30, 1833 (Laws of 1833, ch. 319), which authorizes the city, under certain circumstances, to take the residue of any lot of which a portion may be required for the opening of a street, and to sell and dispose of such residue. The act does not assume to authorize the city to take such residue by proceedings *in invitum*, but only by and with the consent in writing of the owner or owners. Such consent, when given, operates as a voluntary alienation by the owner, and obviates the objection which might otherwise be urged against the power of the legislature to authorize private property to be taken for any but public purposes.

At the time of taking of these premises, the owners (under whom the defendant holds) were infants, and therefore incapable of giving the requisite consent.

The plaintiff relies upon a written consent, signed by the mother of the infants and by John Hess, styling himself their general guardian, to which instrument Augustus H. Sidell, who was appointed guardian *ad litem* for the infants in the proceeding, is subscribing witness.

There is no provision in the act of 1833, or in any other act to which we have been referred, authorizing either the general guardian or guardian *ad litem* of infants to consent in their behalf to the taking of their lands. The act of 1833 provides no means of divesting the title of infants to lands not required for the improvements. It does not purport to be compulsory upon any one in respect to such lands, but simply empowers the commissioners with the written consent of the owner to include such lands in their estimate, and award compensation therefor. When there is no owner capable of consenting, the condition of the act cannot be complied

with, and if the owners are infants, the only mode of transferring their title to the city is by proceedings pursuant to the Revised Statutes for the sale of infants' estates.

The order of the General Term should be affirmed, and judgment absolute rendered against the plaintiff, with costs.

All concur.

Order affirmed, and judgment accordingly.