GEORGE M. CLAPP, Respondent, v. WILLIAM WRIGHT, Appellant.

*Counter-claim—when stricken out because not based upon a contract—the liability of a trustee for the debts of a company, occasioned by his failure to file a report, is not based on a contract—Code of Civil Procedure, § 501.*

In an action by the plaintiff to recover for services rendered to the defendant, the latter set up, as a counter-claim, that the plaintiff was a trustee of a manufacturing corporation, and that, by reason of his failure to file the annual report required by law, he had become personally liable for the debts of the company, some of which were held by the defendant at the time of his default, which debts he sought to set off against the plaintiff's claim herein.

*Held,* that the counter-claim was not based upon a contract, as required by section 501 of the Code of Civil Procedure, and that it should be stricken out.

Appeal from an order made at a Special Term striking from the defendant's answer the second counter-claim therein set forth.

*R. W. Hawkesworth,* for the appellant.

*H. C. Place,* for the respondent.

Barnard, P. J.:

The counter-claim set forth in the answer was properly stricken out. The plaintiff seeks to recover for services rendered by him to the defendant. He sets up as a counter-claim, that the plaintiff was a trustee of a manufacturing corporation, and had, by reason of a failure to file the yearly report of the company, according to the provisions of the General Manufacturing Act of 1848 (ch. 40), made himself liable for the payment of its debts, and that the defendant held debts of the company, at the time of the default, which he would prove against plaintiff's claim.

The counter-claim is not based upon a contract, existing at the time of the commencement of the action, as required by section 501 of the Code of Civil Procedure. The claim against plaintiff, as trustee, is not a claim upon contract. The plaintiff is neither a principal debtor nor a surety for the debts of the corporation. (*Miller* v. *White,* 50

N. Y., 13.) The liability against the plaintiff is a penalty imposed upon him for neglect of duty. (*Merchants' Bank of New Haven* v. *Bliss*, 35 N. Y., 412; *Chambers* v. *Lewis*, 28 Id., 454.)

The order appealed from should be affirmed, with costs and disbursements.

PRATT, J., concurred; GILBERT, J.; not sitting.

Order striking out answer affirmed, with costs and disbursements.