Briggs *v.* Easterly.

[Fourth Department, General Term, at Rochester, March 5, 1872. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]

## Briggs *vs.* Easterly and others.

Notwithstanding the language of section 12 of the act of the legislature, of February 17, 1848, to authorize the formation of corporations for manufacturing and other purposes, (*Laws of* 1848, *ch.* 40,) which requires an annual report to be made by every company organized under such act, and in case of a failure to make such report, makes the trustees jointly and severally liable " for all the debts of the company then existing, and for all that shall be contracted before such report shall be made," is broad enough to include debts due from the corporation to individual trustees, yet the fundamental rule, which lies at the very foundation of all law, that no person can, by his own transgression, create a cause of action in his own favor, against another, must be applied to the trustees of such a corporation, and debts of that nature held not to be within the provisions of the statute.

Claims of a portion of the trustees of a manufacturing corporation, against the corporation, although they may be within the letter of the act, yet not being within the mischiefs intended to be remedied or prevented by it, nor within its spirit and intention, they are not within its provisions.

Thus where, at the time a default in making the annual report required by the statute occurred, claims against the corporation were held by two o the trus-

Briggs *v.* Easterly.

tees who, with the others, were delinquent in making their report; *Held* that an assignee of such claims could not enforce the same against all the trustees, under section 12 of the statute.

ACTION against the defendants, as trustees of the "Stevenson Manufacturing Company," to recover the amount of certain debts of the company under and by virtue of the statute. (2 *R. S.* 661, § 12, *5th ed.*) The defendant Easterly alone defended. The corporation was organized in February, 1868, under the general act, and its place of business was Auburn, where all the parties resided, and the number of trustees was six, who were named in the certificate. The corporation carried on business from its organization till in the summer of 1869, and no report was made, published or filed in January 1869, or January 1870. Wackman, one of the trustees named in the certificate, disposed of his stock, a large part of it to the defendant, by a contract made the last of March or forepart of April 1868; and the scrip was actually issued to him in May 1868, and as soon as the corporation was prepared to isssue scrip for any one. It was claimed that Easterly was elected trustee in place of Wackman on the 5th of May, 1868, and thereafter acted as one of the trustees. The action was tried at the Cayuga circuit, in January 1871, before Justice DWIGHT and a jury. Evidence was given showing that Easterly was present at the meeting at which he was elected trustee, and that he always after acted as one of the trustees of the corporation.

When the plaintiff rested, the defendant's counsel moved for a nonsuit and dismissal of the complaint, on the following grounds:

1st. That by all the evidence which had been produced Mr. Easterly had not been shown to have been a trustee of the company.

2d. That a few stockholders, without due notice of a meeting for that purpose, could not expel a trustee, nor elect or appoint a new one.

3d. Because, at the time of the pretended appointment or election, Easterly was not a stockholder, and therefore not eligible.

4th. Because, by the by-laws of the company, stock cannot be transferred except on the books of the company.

5th. Because the liability sought to be imposed is in the nature of a penalty, and the statute is intended to include only those persons as trustees who are named in the certificate of organization, or who shall be duly and legally elected under section three of the act:

6th. Because the defendant's occasional meeting and consulting with the other trustees, under the impression, perhaps, that he was authorized, did not impose upon him the obligation to act as trustee after he had learned that he was not duly authorized.

The court denied the motion, and the defendant excepted.

The jury rendered a verdict in favor of the plaintiff for $16,937.61; and thereupon an order was made and entered giving the defendant time to make a case, with a stay of proceedings, and that the same be heard at the general term, in the first instance.

*F. Kernan,* for the plaintiff.

I. The defendant Easterly was one of the trustees, within the section of the statute in question. 1. Wackman ceased to be a trustee in law and in fact on the sale of his stock. He never acted afterwards. (2 *R. S.* 659, § 3, *5th ed.*) 2. On the 5th of May, at a meeting of the stockholders, at which Easterly was present, and in which he took part, he was appointed a trustee in place of Wackman. He assented to this, and thenceforward acted as a trustee, as the testimony proved, and the jury found. 3. As to the corporation, its stockholders and creditors, he was a trustee, and his acts and omissions bound him and them as such. (3 *R. S.* 659, § 3. *Id.* 660, 661, §§ 10, 11, 12, 13, 15.) 4. Easterly is certainly estopped from deny-

ing that he was a trustee of the corporation, as to his co-trustees, or the creditors of the corporation. . (*Fulton Bank* v. *N. Y. &c. Canal Co.*, 4 *Paige*, 133, 134.) 5. Easterly was the equitable owner of the stock purchased of Wackman · on the 5th of May, when appointed trustee. He became the legal owner on the 20th of May. From that time he was legally competent and became a trustee. ·

. . II. The court properly declined to nonsuit, · or dismiss the complaint, as to Easterly, on the ground that he was not a trustee. The most that could be properly claimed by the defendant, was that the question should be submitted to the jury under proper directions as to the law. (*See first point.*)

III. It was conceded that the corporation owed the several debts sought to be recovered, and that the plaintiff owned them as assignee. No question was made but that they were valid debts, contracted by the corporation.

IV. The defendant did insist, as matter of law, that the plaintiff was not entitled to recover the amount of the debt, assigned to him by Barber, being $7019.02, and some interest; and the amount of the debt assigned to the plaintiff by Knight, being $3682.90, on the ground that they were trustees of the corporation. · ·

V. The plaintiff was entitled to recover, against the defendant Easterly, the amount of these two demands, notwithstanding they accrued to Barber and Easterly respectively, while co-trustees of the corporation with Easterly. 1. The statute provides that every such company shall annually, within twenty days from the 1st day of January, make and publish a certain report; and declares that " if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable, for all the debts of the company then existing, and for all that shall be contracted before such report shall be made." (2 *R. S.* 661, § 12, *5th ed.*) 2. The omission to

make the report, renders the trustees jointly liable, the same as are copartners. One holding a demand, cannot maintain an action at law against the others upon it, for the same reason that copartners cannot sue each other at law. (*Bailey* v. *Bancker*, 3 *Hill*, 188 *to* 192. *Andrews* v. *Murray*, 33 *Barb*. 364, 365.) 3. While an individual who holds a note made by a firm of which he is a member, or a valid debt due him from the firm, cannot maintain an action at law upon it, for the reason stated in the case of *Bailey* v. *Barber*, (*supra*,) it is submitted that his assignee can maintain such action against all the members of the firm. 4. The debts assigned to the plaintiff by Barber and Knight were valid, existing debts, in his favor against the corporation the moment they were assigned to him. The statute makes all the trustees liable to him for these debts. Whether the plaintiff contracted the debt with the corporation, or purchased a valid debt against the corporation, from Barber or Knight, it was a debt against the corporation existing in his favor, and all the trustees of the corporation became liable to him for its payment. There is no technical or other difficulty in his enforcing this liability of the trustees. Suppose all the trustees had owned a demand jointly against the corporation, and had assigned it to the plaintiff; it would have been a debt against the corporation in his favor, and he could have enforced their liability to him under the statute.

VI. The defendant Easterly is not relieved from liability to the plaintiff, as to the debts assigned by Barber and Knight, on the principle that no contribution can be enforced among wrongdoers. 1. No question of contribution between the plaintiff and the defendants, or either of them, arises in the case. The demands are valid demands in the hands of the plaintiff, against the corporation, and the statute gives him the remedy against all the defendants. Even conceding that Barber or Knight could not have enforced contribution against Easterly, the plaintiff

can, under the statute, enforce these debts against all the defendants. 2. But the omission of the trustees to make the report does not render them tort feasors within the rule referred to. This omission merely renders them *quasi partners* as to the debt, and liable for them as contractors. The dictum in *Andrews* v. *Murray,* (33 *Barb.* 356, 357,) to the contrary, is not good law.

*Cox & Avery,* for the defendant.

I. There is no *estoppel in pais* in this case, as against Easterly, nor in favor of anybody. 1. No evidence that either of these creditors ever acted in any respect upon the faith of Easterly's assuming to be a trustee. 2. No such question was presented to the jury; none such is suggested in the pleadings. 3. Nor does the law favor an assertion of an estoppel. (*Pierrepont* v. *Barnard,* 5 *Barb.* 374, 375. *Jackson* v. *Brinckerhoff,* 3 *John. Cas.* 101.) 4. The bottom principle of equitable estoppel is, that no man shall take advantage of his own wrong. (*Pickard* v. *Sears,* 6 *Ad. & Ell.* 469. *Titus* v. *Morris,* 40 *Maine,* 348. *Hill* v. *Epley,* 31 *Penn.* 331. *Dezell* v. *Odell,* 3 *Hill,* 215.) "Always a shield, never a sword." (*Pierrepont* v. *Barnard,* 5 *Barb.* 374.) Estoppel is limited to what is necessary to put "the parties in the position which they would have occupied had the admission not been made." (*Bocock* v. *Pavey,* 8 *Ohio,* 270. *Hills* v. *Varet,* 3 *N. Y. Leg. Obs.* 105.) The act, or investment of the plaintiff, must have resulted on the faith of the act or admission, which is alleged as ground of estoppel. (*Dezell* v. *Odell,* 3 *Hill,* 221. *Herman's Law of Est.* 339, 345. 2 *Hill,* 219. 5 *Denio,* 157. 6 *Ad. & Ell.* 479. *Lawrence* v. *Brown,* 5 *N. Y.* 394. *Chaut. Bank* v. *White,* 6 *id.* 236. *Keeler* v. *Davis,* 5 *Duer,* 507.) It must have come to the knowledge of the creditor and induced his investment. (*Chitty on Cont.* 243. 5 *N. Y.* 364. *Parsons Merc. Law,* 167. *Halcroft* v. *Hoggins,* 52 *Eng. Com. L.* 488. *Pott* v. *Eyton,* 54 *id.* 31. *Irvin* v. *Conklin,* 36 *Barb.* 64.)

Briggs *v.* Easterly.

To apply this doctrine : Had it been shown that Durston was sent by these creditors to inquire of Easterly whether he was a trustee, with a view to extend the credit, or sell the goods, &c., in question ; that all this was told by Durston to Easterly ; and then Easterly had affirmed that he was a trustee ; then upon showing that the creditors relied upon that information, and trusted the concern, the ground of equitable estoppel would have existed. Not otherwise.

II. The defendant never was a trustee of this company. The action of the stockholders, in attempting to remove S. D. Wackman, one of the trustees named, from his office as trustee, by resolution, and to put Easterly, the defendant, in his place, was wholly void.

III. The defendant never having been elected, or constituted a trustee, by any valid act of anybody, his acting with the trustees for a certain period of time did not invest him with the right of a trustee, or impose upon him the duties and liabilities prescribed by section 12 of the act under which this company was organized. 1. No question of estoppel can arise in this case, as has been shown. The plaintiff does not claim to make him liable for any act done as trustee *de facto,* or *colore officii.* 2. The fact that he acted with the trustees for a time, under the erroneous impression that he was legally authorized so to do, did not constitute him a trustee, or invest him with any of the rights, powers, or duties of a trustee ; or require him to continue so to act. 3. The statute, (§ 12,) requires the report to be signed by the president and a majority of the trustees, and upon failure the trustees are liable, &c. By the word trustees the statute refers only to those persons named in the certificate, (§ 1,) and those who shall be elected under section 3. Suppose now that Easterly, Robinson and others, (none of them statute trustees,) had made and published such a report as the act required, in December, 1868 ; signing their names as apparent trus-

tees.   Would this have been a compliance with the act
on the part of the corporation ?   Could it have been suc-
cessfully pleaded by Wackman, Barber and others, the
real trustees, in an action against them by the creditors
under this statute?

IV.  This statute liability is in the nature of a penalty ;
it is severe, and unless strictly within the act, it should
not be extended so as to embrace the defendant.   1.  " The
provision is highly penal, and the rules of law do not al-
low us to extend it by construction to cases not fairly
within the language."  (*Garrison* v. *Howe*, 17 *N. Y.* 458,
466.  *Craw* v. *Easterly, supra.*)   This defendant removed
to Tennessee in December, 1868 ; it was then the duty of
Barber and the others, who were the trustees, to make the
report required.   Having ascertained that he had not been
legally constituted a trustee, Easterly had the right to
rely upon and believe that the statute imposed no obliga-
tions upon him to act in the future as trustee, and there is
neither justice nor equity in the attempt to strain the
statute in order to render him liable for the subsequent
delinquencies of the regular trustees.   2. Conceding that
under certain circumstances, the company might be liable
to outside creditors for his acts theretofore done in *colore
officii*, and under the impression that he was authorized,
there was no obligation resting upon him to continue to
act as trustee, after he had learned that such impression
was erroneous.   3. Having ascertained that he was not
authorized " to manage the concerns of the company," he
cannot be made liable for this subsequent refusal, or fail-
ure to act.   One erroneous action done under a mistake,
cannot be the ground of a penal liability for an omission
to do others.   Finally : A more grossly inequitable and
unjust cause of action was never brought before this court.
A crew of delinquent trustees of a bursted bubble, unite
to fasten, not only their own liability, but their own
claims, upon Easterly, who was in no respect delinquent.

Briggs *v.* Easterly.

The true neglect, is the neglect of Barber, Knight and Davis, for which they propose to sacrifice Easterly.

*By the Court,* JOHNSON, J.   This case is not distinguishable in its facts, and upon the general merits, from that of *Craw* v. *Easterly,* decided by this court in June term last, and must be governed by that decision.   We there held that the defendant, Easterly, was not a lawful trustee of the corporation, and had not become personally liable for the debts thereof, by reason of the default of the trustees in making their report as required by statute.   We do not propose to review that decision, on that point.

There is one feature of this case, however, which deserves consideration, in view of the possibility of our decision, on the question presented by the case above referred to, being held erroneous by the court of last resort.   The plaintiff is assignee of the demands upon which the action is brought.   They are debts of the corporation, and the plaintiff seeks, by his action, to charge the defendants personally with the payment of those debts, on the ground that they had refused or neglected to make the report required by section 12 of the act of 1848.   (*Sess. Laws of* 1848, *ch.* 40.)

All the persons claimed to have been trustees by the plaintiff, are made parties defendant, including the defendant Easterly.   All the defendants, except Easterly make default in the action, and allow judgment to go against them, and he alone defends.   More than two-thirds of the amount of the plaintiff's recovery consists of claims which belonged to two of the defendants, who were two of the trustees originally appointed, and who were confessedly trustees at the time of the default in making the report, from which the right of action against any of the defendants springs.   The assignment to the plaintiff by these two trustees was after the default.   This presents the question whether any right of action in favor of these

debts of the corporation accrued against any of the trustees, under the statute. At the time of the default they were debts of the corporation, in favor of the two trustees who, with the others, were delinquent in making their report. The statute requires the report to be made within twenty days from the first day of January, in each year, which report is to be signed by the president of the company, and a majority of the trustees, and verified, and in case of a failure to make such report, makes the trustees jointly and severally liable "for all the debts of the company then existing, and for all that shall be contracted before such report shall be made." The language used is broad enough to include the debts of individual trustees against the corporation, and the question arises whether such debts are within the provision of the act. In the case of *Merchants' Bank* v. *Bliss*, (35 *N. Y.* 412, 416,) it was held that this liability which the statute creates against the trustee, was in the nature of a penalty for the violation of its provisions, and was intended for the protection of creditors, and the prevention of frauds upon the public, in respect to the financial condition of such corporations.

The obvious policy and intention were, to aid and protect outside creditors, who had no means of knowing whether the corporation was entitled to credit or not, and not the trustees themselves, by whom all the debts against the corporation are created, and who are charged with the duty of giving the information to the public. Clearly it was no part of the design of the statute, to enable trustees, by means of their own wrong and neglect of duty, to create a personal liability against their fellow trustees, in respect to their own claims and demands against the corporation. To impute such an intention would be an unjust and unmerited reproach upon the statute, and the legislature which enacted it. It would place the statute in opposition to the fundamental principles not only of law but

Briggs *v.* Easterly.

of good conscience and morals. No such construction can be allowed.

Notwithstanding the general language of the act, therefore, the fundamental rule, which lies at the very foundation of all law, that no person, by his own transgression, can create a cause of action in his own favor, against another, must still be applied to trustees of these corporations.

The personal liability is imposed by way of punishment for the transgression, solely, and if the wrongdoer himself is to share in the benefit resulting from the wrong, it is easy to see to what intolerable mischief and oppression the provision may lead. I conclude, therefore, that although these claims of these two trustees may be within the letter of the act, yet not being within the mischiefs intended to be remedied or prevented by it, nor within its spirit and intention, they are not within its provisions. Even if Easterly were a legal trustee, he cannot be made liable for these demands of his co-trustees, against the corporation. It could make no difference, in that case, that he was equally in fault. Because, in that position, he can defend upon the maxim, that where both are equally in fault, the condition of the defendant is preferable.

It is plain enough that if no cause of action had accrued in favor of the assignors, at the time of the assignment, the plaintiff has none now, in respect to these claims derived from the trustees.

One of the plaintiff's assignors was the president of the corporation, and it is a notable and very suggestive circumstance, that each of these assignors, who were trustees, have not only allowed themselves to be sued, with the other trustees, on these large claims thus assigned, but have allowed judgment to go against them by default. It appears that the defendant Easterly, at the time when the report should have been made, was a resident of the State of Tennessee.

The question of the liability, on account of these claims assigned by the two trustees, was distinctly raised by the defendant's counsel, and overruled. In any view, therefore, there must be a new trial, with costs to abide the event.

New trial granted.

