Br the Court.
McCue, J.
[After briefly mentioning the nature of the action.]—Before passing to the main question presented by the appeal, I will notice a preliminary point made in the argument which involves the jurisdiction of the court.
Under the act of 1871, in relation to this court (chapter 283), jurisdiction was given when any of the parties resided in the county of Kings. The plaintiff resided in the city of Brooklyn when this action was commenced, but the defendant Lefferts did not.
In 1872 (chapter 688) the jurisdiction of the court *45 was curtailed and limited in respect to actions like the present one, to cases where any of the defendants shall reside or be personally served with the summons within the said city.
By some singular omission this act did not contain the provisions contained, it is safe to say, in ninety-nine out of every hundred acts passed :
“ This act shall take effect immediately. *’
The act of 1872 (chapter 688) was passed on May 14, 1872; and the judgment in this action was entered May 23, 1872.
The counsel of appellant Lefferts contend that as, by the amendment of 1872, jurisdiction over the person ■of the defendant was taken away before judgment was .actually entered, there was no authority to enter any judgment; assuming the act of 1871, which gave the court jurisdiction where the summons was served outside of the city of Brooklyn, was constitutional.
The counsel’s attention, however, was not called to the fact of the omission of the clause that the act should take effect immediately.
The effect of the omission was to put into effect the provisions of the Revised Statutes that every law, unless a different time shall be prescribed therein, shall commence and take effect throughout the State, on, and not before, the twentieth day after the day of the final passage, as certified by the secretary of state (1 JSdm. S\tat., 156, § 12). Having been passed May 14, 1872, ihe act did not take effect until June 3, 1872, after the entry of the judgment herein. This disposes of the question of jurisdiction, and answers the very elaborate and interesting resume of the cases touching this particular point of jurisdiction presented by appellant’s brief.
The provision of the statute compelling the publication of the report as to the capital amount of debts, &c., is certainly arbitrary, but it (is) nevertheless clear *46 and peremptory in its terms. The failure to comply with this requirement incurs the liability for all debts ofthecompany “ then existing.” lío distinction is made in favor of creditors who are not stockholders. The liability is for the debt, no matter by whom held.
Burton if. Harrison, for defendant appellant.
L. The city court had no jurisdiction of the present action, for it was an action for a penalty (Merchants’ Bank v. Bliss, 1 Robt., 391; 35 N. Y., 412; McHarg v. Eastman, 7 Robt., 140; Bird v. Hayden, 2 Abb. Pr. N. S., 61 ; Dabney v. Stevens, 40 How. Pr., 345; Nimmons v. Tappan, 2 Sweeny, 652). And the cause of action on such a penalty arises in the county where the default to file report occurs ; that is, the county where the company was established and had been doing business. The complaint, which alleged that the summons and complaint in the former action were duly served on said company personally, must be construed to import that the company was established in Kings county; if not, the complaint should have been dismissed for not stating facts sufficient to constitute a cause of action ; and as the evidence does not supply the defect, the court should now dismiss the complaint for that reason, even though it appears that the objection was not taken on the trial (37 N. Y., 641; 2 Duer, 125; Code, § 148) But, conceding the sufficiency of the complaint, any allegations which could tend to show jurisdiction in the city court were denied in the answer ; and on the trial plaintiff himself disproved them by showing that the company was established and did business only in New York and Westchester counties, and that the service of summons was made on the company in New York. This is not one of the cases in which defendant could have had a change of place of trial, for it was brought in a city court, not the supreme court; and the act of 1872, as to removal of causes, did not become a law until after the trial. The objection being to the jurisdiction, it is always available (Code, § 148).
*46 The defendant Lefferts can not avail himself of the point that he was not legally a trustee. Whatever informality attended his election, it appears that he acted as such trustee.
Upon a review of the whole case, I am of opinion that the judgment and order appealed from should be affirmed, with costs.
Thompson, J., concurred.
The defendant appealed to this court.
II. Defendant is not estopped from objecting that he never was a trustee, by having acted as such while supposing himself to be one (Briggs v. Easterly, 62 Barb., 51; Craw v. Easterly, Ib.; affirmed by commission of appeals, 54 N. Y., G79).
III. He was not a trustee when the debt existed and the default occurred (Shaler v. Bliss, 27 N. Y., 300; Deming v. Puleston, 33 N. Y. Supr. Ct. [1 Jones & S.), 231; Vincent v. Sands, 11 Abb. Pr. N. S., 373; S. C., 33 N. Y. Supr. Ct. [1 Jones & S], 511; People v. Argnello, 37 Gal., 525 ; Wood V. Partridge, 11 Mass., 488 ; Nimmons v. Hennion, 2 Sweeny, 667; Oviatt v. Hughes, 41 Barb., 541; Garrison v. Howe, 17 N. Y., 458).
IV. The court had no jurisdiction to render the judgment against the company, for the company never transacted their general business in Brooklyn, nor was established by law there (Laws of 1870, ch. 470, § 2, subd. 6).
V. One who was a stockholder—that is, a member of the company at the time of the default—can not hold the trustees liable under section 12. The report is required to be made by the company, and every member of the company is in default. Certainly, one is who instead of urging compliance with the law nrged, as plaintiff did, that all business be discontinued. Moreover, it is against the policy of the law to allow a stockholder to maintain the action (Bonghton v. Otis, 21 N. Y., 264 ; McHarg v. Eastman, 4 Robt., 636 ; Shaler & Hall Quarry Co. v. Bliss, 27 N. Y., 299 ; Briggs v. Easterly, 62 Barb., 60 ; Cable v. McCune, 26 Mo., 380 ; Bailey v. Bancker, 3 Hill, 191; Oviatt v. Hughes, and Briggs v. Easterly, above cited ; Andrews v. Murray, 33 Barb., 354 ; Kritzer v. Woodson, 19 Mo., 329 ; Richardson v. Abendroth, 43 Barb., 165).
VII. As defendant Lefferts contradicted all the allegations of fact necessary to entitle plaintiff to recover, he was entitled to have the question submitted to the jury.
VII. The city court of Brooklyn had no jurisdiction in this action, for it was proved on the trial, and admitted on the argument at general term, that Lefferts, the defendant, is not a resident of Brooklyn, and that the summons was not served on him there. The jurisdiction of the court must appear on the record (Frees v. Ford, 6 N. Y., 178; The Clyde, &c. Co. v. Parker, 22 Barb., 323 ; Landers v. Staten Island R. R. Co., 14 Abb. Pr. N. S. 346).
Nathaniel Q. MoaTc, for plaintiff respondent.
I. It is the duty of the court to nonsuit a plaintiff or direct a verdict where a contrary one would be set aside as against evidence (Loomer v. Meeker, 25 N. Y., 361; Wilds v. H. R. R., 24 Ib., 430; Steves v. Oswego, &c., 18 Ib., 425 ; People v. Cook, 8 Ib., 74). A jury has no right arbitrarily to decide against nncontradicted evidence; and should it do so, it would be the duty of the court to grant a new trial (Loomer v. Meeker, 25 N. Y., 361, 363; Siebert v. Erie R. R. Co., 49 Barb., 586 ; C. B. & Q. R. R. v. Stumps, 55 Ill., 367, 375 ; Jaeger v. Kelley, 52 N. Y., 274).
II. The city court of Brooklyn had jurisdiction of the cause of action. The statute under which the liability arose was Laws of 1849, p. 57, § 12, 3 Edm. St., 735, as amended in 1870. This action was commenced .in December, 1871, the answer being verified in January, 1872. The trial took place on April 17, 1872. The ■constitution, as amended in 1869, art. 6, sec. 12, provides that the city court of Brooklyn, among others, ■shall be continued with the powers and jurisdiction it then had, and such further civil and criminal jurisdiction as might thereafter be conferred by law. ' This ■constitutional provision made valid all existing •statutes conferring jurisdiction upon that court, subject to future changes by the legislature. In order to determine what jurisdiction the city court of Brooklyn possessed, by reference to the statutes, we find that the court, with limited jurisdiction, was created in 1849 {Laws of 1849, p. 170), extended by the act of 1870 (1 Laws of 1870, p. 1045-6), subdivision 5 of which was as follows : “5. To all other actions, when the cause of action shall ■have arisen in the said city, or when any of the defendants shall reside, or be personally served with the summons within the said city. In 1871, when this action was ■commenced, and tried, this subdivision was amended ■(1 Laws of 1871, ch. 282, p. 566-6), so as to read as follows : “5. To all other actions, when the cauge of action •shall have arisen in, or when any of the parties to said action shall reside within the county of Kings, or when any of the defendants shall be personally served with the summons within said county.” Under this statute jurisdiction depended upon either of the following facts : 1. The cause of action having arisen within the •county of Kings, irrespective of the residence of the parties. 2. The residence of any of the parties to the action within the county. 3. Service upon the defendants, or some of them, within the county. This statute was clearly authorized by section 12 of art. 6 of the constitution, before referred to, and section 19 of the-same article which provides : “Inferior local courts of .civil and criminal jurisdiction may be established by the legislature.” The complaint alleged the plaintiff’s-residence in the county of Kings, and the evidence upon the trial established it. The verdict was rendered April 17, 1872, and the judgment was entered May 23. 1872. The act of 1872 (2 Laws of 1872, ch. 688, p. 1642-4) was-passed May 14, 1872, and as it contained no provision that it should take effect immediately, it did not take effect until June 3, 1872 (1 Rev. Stat, 157, § 12 ; 1 Edm. Stat, 156). When the judgment was entered,, therefore the court had ample jurisdiction. 1. Section 124 of the Code does not apply to the Brooklyn city-court. The statute conferring jurisdiction upon that court was passed long after the Code, and so far as the-latter was inconsistent therewith was repealed thereby.. 2. The objection that the court below had no jurisdiction was not taken in the court below. The defendant had appeared and answered without taking the objection by answer or demurrer. By so doing he submitted to the jurisdiction of the court, and waived the objection if valid (Fairbanks v. Corlies, 3 E. D. Smith, 582; 1 Abb. Pr., 150). The Code provides that “ a voluntary appearance of a defendant is equivalent to personal service of the summons upon him” {Code, § 139, and cases cited by Mr. Wait in his Code; Schwinger v. Hickox, 46 How;, 144). An unqualified appearance by attorney is sufficient (McCormick v. Pennsylvania, &c., 49 Ñ. Y., 308-9). It has been expressly held of a justice’s court, that although jurisdiction by process could only be obtained against a non-resident by a short summons, yet if he appeared on service of a. long summons and answered, he submi tied to the jurisdiction of the court, and its judgment was valid (Clapp v. Graves, 26 N. Y., 418). The United States circuit court has no common-law jurisdiction. Its statutory jurisdiction is expressly made to depend upon the defendant’s being a resident, of the district, or being served therein with process. In Gracie v. Palmer (8 Wheat., 699), the supreme court of the United States held that, “it is not necessary to aver on the record that the defendant in the circuit court was an inhabitant of the district, or was found therein at the time of serving the writ. When the defendant appears without taking the exception, it is an admission of the regularity of the service.” 3. An objection to the jurisdiction of the court, which might have been obviated by proof upon the trial, can not be taken for the first time upon appeal (Van Deusen v. Sweet, 51 N. Y., 378, 385-6). So even a question, as to the constitutionality of a law, can not be raised for the first time in the court of appeals (Delaney v. Brett, 51 N. Y., 78). In Landers v. Staten Island R. R. Co. (14 Abb. Pr. N. Y., 346, 358 ; 13 Abb. Pr., 338), the objection was expressly taken and pleaded by the fourth defense in the answer, and insisted upon the trial. Again, there was not a particle of proof, on the trial, as to where the defendant resided. The statement in the opinion of the court below as to his residence was an assumption by the court, without examination, and was not supported by any evidence. In Landers v. Staten Island R. R. Co., the court, by Judge Allew, said (p. 356)that in Bidwell v. Astor, &c. (16 N. Y., 263), the question of jurisdiction not having been raised in the court below, was not considered in this court, and that, in International Bank v. Bradley (19 N. Y, 245), all that was adjudged was, that after judgment, it was to be presumed, in support of the jurisdiction of the court, that the facts conferring jurisdiction existed. In Van Deusen v. Sweet (51 N. Y., 385), in answer to the objection that it did not appear that the county court had jurisdiction of lunacy proceedings, the court said : “In answer to which, it is sufficient and only necessary to say that the record is not required to show affirmatively, and on its face, those facts. It is enough that they exist, and were properly shown to the court, and as it was not on the trial claimed, in support of either the first or sixth objection, that they were not established by proper proof, it is too late to raise the question on this appeal. If it had been raised at that time, the objection would have been obviated by competent testimony.” 4. In the making and settlement of a case or bill of exceptions, only the evidence bearing upon the questions of law sought to be reviewed, should be inserted. For aught which the court can know, the facts conferring jurisdiction were fully proven, but not inserted, because no question as to the jurisdiction was reserved by exception. 5. No evidence showing want of jurisdiction was given upon the trial, nor does it anywhere appear by the appeal book where the defendant was served with the summons. 6. The authorities which defendant’s counsel cite to- show that the cause of action is to recover a penalty, only hold that it should be so held with reference to the time it should be barred within section 92 of the Code.
III. That the allegations as to judgment against the company were unnecessary. Counsel cited Miller v. White, 50 N. Y., 137 ; McHarg v. Eastman, 7 Robt., 140; Vincent v. Sands, 11 Abb. Pr. N. S., 366; 42 How. Pr., 231; Weymouth v. Dimock, 41 Id., 92.
IV. As to defendant’s liability:—Squires v. Brown, 22 How. Pr., 35, 42-4; Haupt v. Pohlmann, 16 Abb. Pr., 301; Briggs v. Easterly, 62 Barb., 51 ; Slee v. Bloom. A Johns. Ch., 366; McCall v. Byram Manuf. Co., 6 Conn., 428, 438-9 ; Foot v. Rowse, 1 Strange, 625; New York, &c. v. Smith, 4 Duer, 362, 375-6 ; Nimmons v. Tappan, 2 Sweeny, 652 ; Willoughby v. Comstock, 3 Hill, 389 ; Burnham v. Wellersburg Coal Co., 47 Pa. St., 43; Culbertson v. Wabash Nav. Co., 4 McLean, 547 ; Miller v. White, 8 Abb. Pr. A. S., 55; Bolen v. Crosby, 49 N. Y., 183.
*53 By the Coubt.
Rapallo, J.
This action is brought to recover from the defendant an indebtedness of the Ventilating Rubber Shoe Co. to the plaintiff, for money borrowed of him in September, 1869. The defendant is sought to be charged on the ground that he was, in the month of January, 1870, one of the trustees of the company, and that no report of the capital and indebtedness of the company was filed or published within twenty days after January 1, 1870, as required by the statute under which the company was organized.
The court directed a verdict for the plaintiff. Many exceptions were taken at the trial, but only two of them, in our judgment, require special notice. The first is to the refusal of the court to submit to the jury the question whether the defendant Lefferts was a trustee of the company after November 10, 1869, or acted aS such after that date.
The company was organized under the general act for the' incorporation of manufacturing companies, in November, 1868, the term of its corporate existence commencing November 10, 1868. Five trustees were appointed by the articles of incorporation to manage the concerns of the corporation for the first year. The defendant Lefferts was not one of these, but he testified at the trial that he became a trustee of the company about April 5, 1869, in what manner does not appear. He also testified that he ceased to act as trustee in November 1869, when his office terminated. But at the same time he testified that after November, 1869, the affairs of the company were wound up by the sale of its property, and the application of the proceeds so far as they would go to the payment of its debts; that the sale was effected in January, 1870 ; that the last meeting of the trustees was on January 28, 1870, and they transacted business • on that occasion ; that he was present at that meeting; that there were no other trust *54 ees at that time than those who carried on the business in November, and the same persons were acting; that as late as March, 1870, there was a small balance in his hands as treasurer of the company, which he told plaintiff, that if the other trustees would consent, he would pay him ; that the other trustees, to whom he referred, were those who had been acting with him as trustees, from April, 1869, when he was appointed.
It is clear that the sale of the property, in which the defendant admits that he co-operated, could only be made by the trustees in their official capacity; that those who were in office in November, 1869, were entitled to hold over until others were appointed, and that the defendant Lefferts, although he might have exempted himself from liability by refusing to participate further in the management of the affairs of the company after the expiration of his term of oijice, did not do so, but continued to unite with his cotrustees in their endeavors to wind up the company. His bare statement that he ceased to act as trustee after November, 1869, when his office terminated, taken in connection with the specific acts to which he testified, was not sufficient to raise a question of fact to be determined by the jury, but must rather be regarded as the legal conelusion of the witness, that the expiration of his term of office terminated his character of trustee.
We, therefore, are of opinion that there was no substantial conflict of testimony in the question whether the defendant was trustee at the time when the report should have been made, and that the court properly refused to submit that question to the jury.
The principal defense set up in the answer is, that the company had, prior to January, 1869, ceased to do business, and was then engaged only in winding up its affairs by the sale of its property, and the payment or compromise of its debts, and that the plaintiff had full notice of this fact, he being a stockholder and partici *55 gating in the proceedings. It is scarcely necessary to say, that in the absence of any legal dissolution of the company, their extra-judicial proceedings did not affect the statutory liabilities of the trustees to creditors, or that knowledge on the part of the creditors, of the financial condition and embarrassments of the company, did not exempt the trustees from the statutory circumstances of a failure to file and publish the prescribed report.
The other exceptions taken at the trial, and which have been strongly urged on this appeal, are to the refusal of the court to dismiss the complaint on the ground that the plaintiff was himself a stockholder of the company. It is argued that the liability of trustees of a manufacturing company, under section 12 of the act, for a failure to file and publish a report can not be enforced by a creditor who is also a stockholder. That the object of the requirement is to protect outside creditors who have no means of knowing the financial con-'d ition of the company, and can not be enforced by stockholders who are constituent parts of the company, and have the means of informing themselves as to its affairs. In the absence of any discrimination in the statute itself, between stockholders and other creditors, we do not see any ground upon which we can make the distinction. It is true that the statute makes it the duty •of the company to file and publish the statement, but this duty is to be performed by the trustees and president, and not by the stockholders (Bolen v. Crosby, 49 N. Y., 183). The stockholders are not subjected to any liability for its non-performance. There is no presumption that the plaintiff, in any other manner, became personally liable for the debts of the company, .and no proof to that effect, and ihe reasons which induced the court in Bailey v. Bancker (3 Hill, 191), and subsequent cases, to hold that one stockholder can not •maintain a common-law action against another stock *56 holder to recover a debt for which all the stockholders-are liable, do not apply. A stockholder may be a creditor of the company of which he is a member, and may maintain an action at common .law for the recovery of his claim (3 Hill, 389 ; 47 Pa. St., 49), and we see no ground upon which we should be justified in withholding from him any remedy against the trustees to-which other creditors are entitled.
The objection to the jurisdiction of the city court is-not tenable. The defendant appeared and answered without taking any objection to the jurisdiction of the-court, and raised no such point upon the trial. For aught that appears upon the record, the summons may have been served in the city of Brooklyn, and proof of that fact would have been an answer to the objection,., had it been taken.
We have carefully examined the elaborate points on the part of the appellant, but find in them no grouncL for reversing the judgment. It must be affirmed, with, costs.