Judgment reversed and case remanded to referee.

---

RHESA BRONSON, APPELLANT, *v.* ANTHONY W. DIMOCK, RESPONDENT.

*Trustee of manufacturing corporation — failure of, to file report — when action cannot be maintained against.*

An action cannot be maintained against a trustee of a mining company for a failure to file the report required by section 12 of the act of 1848, by the assignee of a demand, which, at the time of the failure to file the report, belonged to the president of the company who was one of the trustees.

*Briggs* v. *Easterly* (62 Barb., 51) followed; *Bolen* v. *Crosby* (49 N. Y., 183) distinguished.

APPEAL from an order sustaining a demurrer.

*A. J. Perry,* for the appellant.

*Geo. Putnam Smith,* for the respondent.

DAVIS, P. J.:

The appellant's points concede in substance that the plaintiff's assignor was president, and a trustee of The New York and Pennsylvania Petroleum and Mining Company at the time of the neglect of the president and trustees of the company to make and file the annual report as required by the twelfth section of the act. It is averred in the complaint that the company did not make the report for the years 1869, 1870 and 1871, as required by section 12 of the act, and as that section requires the report to be "signed by the president and a majority of the trustees, and verified by the oath of the president or secretary," the averment involves a charge of negligence upon all the trustees which of course includes the plaintiff's assignor. Upon the allegations of the complaint the assignor of plaintiff stands as *particeps criminis* in the neglect of duty which under the provisions of the act makes all the trustees jointly and severally liable. If any facts existed which took him out of

that relation they should have been averred. It was with this view that the learned justice at Special Term upheld the demurrer. We think his conclusion was correct and adopt his opinion as our own.

The order appealed from should be affirmed with costs, with the usual leave to amend, on payment of costs.

DANIELS and BRADY, JJ., concurred.

The following opinion was delivered at the Special Term.

VAN BRUNT, J.:

The question involved in this case is: Can an action be maintained upon a demand by an assignee thereof against a trustee of a mining company for failure to file the annual report, which demand belonged, at the time of the failure to file such report, to the president of the company, who was, of course, one of its trustees? The case of *Briggs* v. *Easterly* (62 Barb., 51), decides the precise point, and it is held that such an action cannot be maintained. That, although such claims may be within the letter of the act, yet, not being within the mischiefs intended to be prevented or remedied by it, nor within its spirit and intention, they are not within its provisions. One trustee cannot be made liable for the demands of his co-trustees against the corporation, on account of the failure of the trustees to file the annual report, because where both are equally at fault, the condition of the defendant is preferable. In answer to the above case, my attention has been called to the case of *Bolen* v. *Crosby* (49 N. Y., 183), which decided that such an action could be maintained by the assignee of a secretary of a company. The decision of that case seems to have been placed upon the ground that the secretary of the company was but its servant, performing such duties as were incident to his office. That, although under the direction of the trustees, he might prepare the paper and verify it, yet he could not in any way make it the act of the corporation and a compliance with the statute so as to relieve the trustees from their liability.

The court say that there is no evidence that the plaintiff omitted to perform any duty which devolved upon him, or that the failure of the trustees to make the report was in any way caused by or

attributed to him. In other words, he was not in duty bound to make the report, and he was not in fault because it had not been made. In the case now under consideration, as in the case of *Briggs* v. *Easterly*, already cited, the assignor of the claim was a trustee; upon him had devolved the duty of seeing that the annual report was filed, and the cause of action, if any, arose partly through his own neglect to perform a duty which the law devolved upon him. The president of these corporations must be selected from the number of its trustees, and, the complaint showing that the assignor was president, we must presume that he was also trustee. I think, therefore, that the case of *Bolen* v. *Crosby* is distinguishable from the case of *Briggs* v. *Easterly*, and that the decision in the latter case must control. Of course, if the complaint should show that the assignor of the cause of action had ceased to be a trustee or president before the failure to file the annual report, the reasoning of the case of *Briggs* v. *Easterly* would not apply.

The demurrer must be sustained, plaintiff to have leave to amend his complaint upon payment of costs.

Order affirmed, with costs, with leave to amend on payment of costs.