ISAAC KNOX et al., Appellants, *v.* EZRA BALDWIN,
Respondent.

*It seems,* that where a manufacturing corporation is indebted to a firm, one member of which is a trustee of the corporation, neither the members of the firm jointly, nor the other members to whom the trustee has transferred his interest, can maintain an action against another trustee under the provision of the manufacturing act (Laws of 1848, chap. 40, § 12), making the trustees liable for the debts of the corporation upon failure to file an annual report; nor can they hold him liable as stockholder under the provision of said act (§ 10), making stockholders individually liable for the debts of the corporation, until the whole amount of the stock is paid in and a certificate filed.

The creditor trustee being equally with the other trustees charged with the duty of seeing to it, that the annual report is made, also of calling in the capital stock and filing the certificate, and so being chargeable with the default, he cannot alone or in connection with his associates, nor can his assignees, pursue a remedy which, if enforced, would enable him to profit by his own wrong or negligence.

Where a liability had been incurred by the trustees of a manufacturing corporation for a failure to file a report within the first year of the organization of the corporation, but no action had been commenced thereon until the going into effect of the act of 1875 (chap. 510), amending the section imposing the liability, *held*, that the creditor's right of action was lost; as the amendment repeals the original section, and requires no report until the corporation has been organized at least one year, and the saving clause relates only to actions then pending.

Under the provision of the Code of Procedure (§ 92, sub. 2) limiting the time for bringing an action to recover a penalty to three years, where an action is brought against a° trustee of a manufacturing corporation, to charge him with a debt because of failure of the corporation to file an annual report, more than three years after January twentieth of the year when the alleged failure occurred, the action is barred; as upon that day, if at all, the cause of action accrued.

An action against a stockholder to enforce the liability imposed where all the capital stock has not been paid in, is barred by the statute of limitations after the expiration of six years from the time the liability was incurred.

(Submitted March 17, 1880; decided April 6, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, affirming a judgment in favor of defendant entered upon the report of a referee.

This action was brought against defendant as trustee of

the Brooklyn Gas Savings Company, a corporation organized under the manufacturing act of 1848 (chap. 40), to recover a debt owing by said corporation because of its alleged failure to file an annual report for the year 1869; also seeking to charge defendant as a stockholder, on the ground that the capital stock had not all been paid in.

The facts appear sufficiently in the opinion.

*C. W. White*, for appellants. The referee erred in holding that the plaintiffs' claim was barred by the statute of limitations. (Code of Civil Proced., § 414, sub. 1, note; *Mills* v. *Stewart*, 41 N. Y., 384; 4 Nev. & Man., 426; *Newell* v. *People*, 3 Seld., 97; *Johnson* v. *H. R. R. R. Co.*, 49 N. Y., 462; *McClosky* v. *Cromwell*, 1 Kern., 593; *Clarkson* v. *H. R. R. Co.*, 2 id., 304; *Merchants' Bank* v. *Bliss*, 35 N. Y., 412; Brightly's Purdon's Dig., 995; Purdon's Dig. for 1862 to 1869, p. 1466, § 1; *Haart* v. *Wilcox*, 47 Penn. St. R., 61; *Kincaid* v. *Duinnelle*, 59 N. Y., 548; *Talmadge* v. *Fishkill Iron Co.*, 4 Barb., 389.)

*A. W. Tenney*, for respondent. Both causes of action were clearly barred by the statute of limitations, and no error was committed by the referee in his conclusions of law. (*Corning* v. *McCullough*, 1 N. Y., 47; *Merchants' Bank* v. *Bliss*, 35 id., 412; *Conklin* v. *Furman*, 48 id., 527; *Wiles* v. *Suydam*, 64 id., 173, 176; Code of Civil Proced. [New], § 382; *Jones* v. *Barlow*, 62 N. Y., 202, 207.) The Code of Civil Procedure has no application, as the time to commence the action had expired before it became a law. (Code of Civil Proced., § 414, sub. 4.) A right of action does not remain against the stockholders of a corporation, nor does it continue until the whole capital stock is paid up. (*Phillips* v. *Therasson*, 11 Hun, 141, 143.)

DANFORTH, J. There are no merits in this appeal. "The Brooklyn Gas Savings Company," was organized in March, 1868. On the 5th of June, 1868, it bought of Stephen Van

Dresar, Isaac Knox, and William B. Williams the right to use a certain patent for generating gas, and in payment therefor issued to them $250,000 of the capital stock of the company and gave its promise to pay to them $3,000 in money within thirty days. At that time the defendant was one of the trustees, and the said Stephen Van Dresar was on that day made a trustee of the company "and neither has either resigned, nor his place been filled by a successor." Van Dresar, Knox, and Williams sued the company upon the above promise, and on the 11th of May, 1869 recovered judgment against it for the full sum and interest. An execution, issued for its enforcement, was returned unsatisfied December 14, 1869. In July, 1876 Van Dresar transferred his interest in the judgment to Knox and Williams, and they on the 27th of August, 1876, commenced this action, seeking, first to charge the defendant as a trustee for the omission of the company to make the report called for by section twelve of the manufacturing act (Laws of 1848, chap. 40), and second, as a stockholder, on the ground that the capital stock was not paid up or a certificate filed by the trustees as required by section ten. In view of the fact that Van Dresar, one of the creditors, and in whose place the plaintiffs stand, was equally with the defendant charged with the duty of calling in the capital stock, and filing the certificate of its payment, and also of seeing to it, that the company made its annual report, and was therefore chargeable in both instances with the defaults on which this action depends, it would seem difficult upon any theory to maintain it. That Van Dresar could not, either alone, or with his associates, pursue a remedy which if enforced would enable him to profit by his own wrong or negligence, is too plain for argument. (*Briggs* v. *Esterly*, 62 Barb., 51; *Bronson* v. *Dimock*, 4 Hun, 614.) It is equally clear that he could confer by assignment no better right than he himself had. It is also conclusive against the plaintiff's right to maintain an action for this cause, that the provision contained in section twelve of the act of 1848, requiring a report in January of each

year after the organization of the company, was repealed in
1875, (Session Laws of 1875, chap. 510), and no report was
after that time required until the company had been organized
at least one year.   The action was commenced after this law
took effect, and the plaintiffs are therefore without remedy on
the statute as it stood in 1869.   The saving clause relates
only to actions pending at the time of its enactment.

But if these objections could be overcome, it is apparent
that the action was not commenced in time.   The report
called for by section twelve as it stood, should have been
made in January, 1869, and on or prior to the 20th day of
that month.   On that day, therefore, if at all, a cause of
action under this section accrued against the defendant as
trustee.   (*Miller* v. *White*, 50 N. Y., 137.)   And as this
action was not commenced, within three years thereafter the
statute of limitations was properly pleaded, and furnishes a
complete defense.   (Code of Procedure, § 92, sub. 2; *The
Merchants' Bank of New Haven* v. *Bliss*, 35 N. Y., 412;
*Wiles* v. *Suydam*, 64 id., 173.)   Next, in respect to the
cause of action against the defendant as a stockholder:
whether it accrued at the expiration of the two years within
which by section ten (*supra*), the whole capital stock was to
be paid in (*Phillips* v. *Therasson*, 11 Hun, 141), or upon
the recovery of judgment, or after judgment and execution,
§ 24 *of the act aforesaid*, it cannot in this case be ma-
terial to determine.   No action can be maintained against
a stockholder for a liability under this section, after the
expiration of six years from the time it is incurred, and
more than that time expired since the last of the events
above referred to, and before the action was commenced.
The statute of limitations, therefore, presents a bar to this
cause of action also.   (*Wiles* v. *Suydam*, *supra*.)   I have
not overlooked the contention of the learned counsel for the
appellants, that this statute has no application, and that the
stockholder's liability can be discharged only in the mode
pointed out by section ten.   The last assertion may be con-
ceded.   It is the remedy on which the statute of limitations

operates, declaring that no action shall be commenced except within the time specified. The stockholder remains liable, but only to a pursuer against whose claim, the statute has not run.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.