JAMES P. MERRITT, Appellant, *against* JAMES D. REID, Respondent.

(Decided January 3rd, 1882.)

The right of action under the Manufacturing Companies Act (L. 1848, c. 40, § 24), against a stockholder of a company formed under the act, for a debt of the company, does not accrue until an action therefor has been brought against the company and judgment recovered, and an execution thereupon against the property of the company returned unsatisfied; hence the period limited by statute for bringing such action against a stockholder is to be computed from the time the remedy against the company is thus exhausted.

APPEAL from a judgment of the general term of the Marine Court affirming a judgment of that court entered upon the dismissal of a complaint.

The action was brought against defendant as a stockholder of the "Manhattan Sewing Machine Company," to recover the amount of a promissory note of the company for $1,433.85 at six months, dated August 7th, 1872, payable to the Shaw & Lippencott Manufacturing Co. or order, which fell due February 10th, 1873. The payees recovered a judgment against the company on October 16th, 1873, and issued execution thereunder, which execution was returned wholly unsatisfied on October 23rd, 1873. The judgment was assigned on October 4th, 1879, to plaintiff, and this action was commenced by

him October 14th, 1879. The defense was a denial, and the Statute of Limitations.

The complaint was dismissed on the ground that more than six years had elapsed between the maturity of the note and the commencement of the action.

The plaintiff contends that the cause of action did not accrue until October 23rd, 1873, the date of the return unsatisfied of the execution issued against the company under the judgment obtained against it on the note.

J. F. DALY, J.—[After stating the facts as above.]—In respect of actions against one who has ceased to be a stockholder of a corporation, for the enforcement of a liability incurred while a stockholder, the statute expressly declares that suit shall not be brought, unless the same shall be commenced within two years from the time he shall have ceased to be a stockholder, nor until an execution against the company shall have been returned unsatisfied in whole or in part.

As to continuing stockholders, the provision is simply that they shall not be personally liable unless a suit is brought for the collection of the debt against the company within one year after the debt shall become due (L. 1848, c. 40, § 24). The Supreme Court at special term in this district has held that the latter provision is to be construed as requiring not only that a suit be brought against the company, but judgment recovered therein and an execution returned unsatisfied before the right of action against a stockholder accrues. The argument advanced is that the object of the legislature in requiring suit to be brought against the company was to compel the creditor to collect his debt, if possible, from the latter, and that that object would not be obtained unless such suit were consummated by a judgment and execution (*Lindsley* v. *Simonds*, 2 Abb. Pr. N. S. 69). This construction receives some countenance in the opinion delivered in the Court of Appeals in *Kincaid* v. *Dwinelle* (59 N. Y. 548–551). In *Shellington* v. *Howland* (53 N. Y. 374), ALLEN, J., considered the question not free from difficulty. In *Agate* v. *Edgar*, in this court (Gen. T. May, 1877), it was decided that a cause of

action was not made out against the stockholder unless it was shown that an execution against the real and personal property of the corporation had been returned unsatisfied.

The weight of reasoning, as well as of authority, is with that construction of the statute which requires that the creditor's legal remedy against the company be exhausted (unless, as in the cases in the Court of Appeals last cited, this is rendered impossible by law) before the creditor has a right of action against a stockholder who has not parted with his stock.

I am satisfied that the statute does not commence to run until the remedy against the corporation is thus exhausted. The limitation of six years for the bringing of suit against the stockholder (Code Civ. Pro. § 382; *Knox* v. *Baldwin*, 80 N. Y. 613), is to be computed from the time of the accruing of the right to relief by action (Code Civ. Pro. § 415).

As the case was decided on this question alone, in the Marine Court, we should reverse the judgment and order a new trial. Respondent claims that there is no finding that the note offered in evidence is the note of the company. The note was admitted on the trial without objection and defendant cannot object to it now. If the defendant had objected for want of proof of authority of the president and treasurer to make the instrument, plaintiff might have supplied the proof before he rested his case.

VAN HOESEN, J., concurred.

Judgment reversed and new trial ordered, with costs to abide event.