THE CHEMICAL NATIONAL BANK OF NEW YORK, Plaintiff, *against* AUGUSTUS W. COLWELL *et al.*, Defendants.

(Decided January 3d, 1888.)

The indorsee of a promissory note of a corporation, who received it for full value before maturity, is not debarred of his remedy thereon against the trustees of the company for a failure to file the annual report, because the note was assigned to such indorsee by a co-trustee jointly liable with defendants for the default and the statutory penalties attached thereto, where the indorsee had no notice of such liability; and it does not rest on such indorsee to prove want of notice on proof of the common default of plaintiff's indorser and the defendants.

The by-laws of an incorporated company provided that the directors should " serve for the term of one year or until such time as their successors shall be elected." *Held*, that the word " or " should be read as " and," and defendant, having been duly elected, must be considered liable as a director until it should be shown by him that a successor was elected.

EXCEPTIONS taken by plaintiff to a dismissal of the complaint at a Trial Term of this court, directed to be heard in the first instance at the General Term.

The action was brought against the defendant Augustus W. Colwell and four others as directors of the " New York Lumber Auction Company, Limited," a corporation organized pursuant to the act of June 21st, 1875, to charge them with the statutory liability incurred for failure to file an annual report within twenty days after the 1st day of January, 1886. The complaint alleged the making by the company, on July 2d, 1886, of its promissory note for $2,200, payable on October 2d, 1886, to its own order; and the indorsement and delivery thereof by the company, and the indorsement in blank by Latimer E. Jones and B. L. Ludington, and its delivery so indorsed before maturity to plaintiff; and non-payment when it fell due; the incorporation of plaintiff, and of the said company; failure to file the said annual report, etc.

The defendant Augustus W. Colwell answered separately, denying that he was a director of the company after November 5th, 1885, and denying the allegations as to the making of the note, and the non-filing of the report.

It was proved on the trial that the indorser of the note, Latimer E. Jones, was a director of the company, and co-trustee with the other defendant, Augustus W. Colwell, when the note was made, and when default was made by all the directors in failing to file the annual report in January, 1886 ; that Jones indorsed the note on July 3d, 1886, the day after its date, and procured it to be discounted by the plaintiff on July 21st, 1886, and was credited in his individual account with the plaintiff with the proceeds thereof, which he drew out during said month.

The complaint was dismissed on the ground that the plaintiff was the assignee of Jones, who, being a co-trustee with defendant, was disabled from maintaining an action against the latter for the statutory penalty; and that if the indebtedness was not originally contracted with Jones, the note had no inception until after the term of office of Colwell as director had expired.

*Jones & Roosevelt*, for plaintiff.

*J. Alfred Davenport*, for defendants.

J. F. DALY, J. — [After stating the facts as above.] — It is undoubtedly the settled law of this state, as contended by defendant, that no cause of action against a trustee or director of a corporation founded upon neglect to file the annual report, can accrue to a co-trustee, upon a debt of the corporation to him if he held office at the time of the default; and that the assignee of the claim of such delinquent co-trustee against the corporation cannot hold the other trustee (*Briggs* v. *Easterly*, 62 Barb. 51; *Bronson* v. *Dimmock*, 4 Hun 614; *Knox* v. *Baldwin*, 80 N. Y. 610; *McClave* v. *Thompson*, 36 Hun 365).

But it has never been held that the holder of a promissory note of the corporation, who received it for full value before maturity without notice of the facts, cannot have recourse against the trustees for the statutory penalties, because the note at some time was the property of a co-trustee jointly liable with them for the same penalties. The distinction between the *bona fide* holder of a negotiable promissory note, and the mere assignee of a demand is obvious enough. The latter takes the demand subject to all equities to which it was subject in the hands of the assignor, while the former holds the note free of all such equities. Now the principle on which the assignor is barred from recovering is, that it would be unjust and inequitable to permit one who is himself in default to enforce against his co-trustee the penalty for an omission of which they are

equally guilty, and thereby to reap an advantage from his own wrong; and the principle on which the assignee is barred from recovering is that the assignor can convey to his assignee no greater right than he possesses himself. But this greater right is just what the *bona fide* holder of a promissory note does take by the indorsement and transfer; and if the defense to his claim against the delinquent trustees is only the equity which exists among them or in their favor against one of their number, who was a prior holder of the note, such defense, under the well-settled principles that govern the rights of *bona fide* holders of negotiable paper, must fail. The plaintiff, as such a *bona fide* holder of the company's paper, is an " outside creditor," in the language of *Briggs* v. *Easterly* (above), for whom the remedy given by the statute was intended, because he does not represent the trustee who transferred the note to him any more than he represents any other prior holder. He derives his title through such indorser, but not his rights; they are wholly independent.

It is suggested that the original debt in *Knox* v. *Baldwin* (above) was upon a promissory note. The plaintiff was not a holder before maturity; he was assignee of a judgment obtained upon the debt, and had none of the rights of a *bona fide* holder.

I think, therefore, that the plaintiff was entitled to recover against the defendants because the indebtedness was created by the making of the note on July 2d, 1886, on which date it is conceded that the defendants were in office as directors, and were then delinquent as to their report; the fact that the indebtedness so created was in favor of one of the directors being immaterial, as it was in the form of a negotiable promissory note of which plaintiff subsequently became the holder, before maturity, for full value, without notice that its indorser Jones was a co-director with the other defendants, and equally chargeable with them for default in filing the report.

It is suggested by defendant that plaintiff was bound to prove affirmatively want of such notice, because defendant

had overcome the presumption of good faith by proving a defense, viz. : the common directorship and default of plaintiff's immediate indorser and the other defendants. This defense did not cast on plaintiff the burden of showing want of notice. It is only where the maker of the note shows that it was obtained from him by fraud or duress that the holder will be required to show under what circumstances and for what value he became holder. This appears from the cases cited by defendant (*First Nat. Bank* v. *Green*, 43 N. Y. 298; *Case* v. *Mech. Bank Assoc.*, 4 N. Y. 166; *Vallett* v. *Parker*, 6 Wend. 615).

The exceptions should be sustained and a new trial ordered, with costs to abide the event.

VAN HOESEN, J. — The case of *Van Amburg* v. *Baker* (81 N. Y. 46) does not bear upon the question of the defendant's tenure of office. In that case it appeared that the trustees of the Mott Brick Company were to hold office for the year ending February 25th, 1875. The act (§ 4) provides that though their term of office had expired, trustees, if their successors had not been chosen, might still bind the company by their acts. The Court of Appeals held that that provision did not extend the term of office of the trustees, but merely made the company responsible for their acts if they continued to officiate after the expiration of their term, when their successors had not been elected. In this case the term of office of the defendant had not ended. The duration of the term is fixed by the by-laws of the company. Section 1 of those by-laws provides that the directors shall " serve for the term of one year, or until such time as their successors shall be elected." The word " or " must be read as " and," for the intention evidently was that the trustees should serve for one year and thereafter until their successors should be elected. Even if it should be adjudged that the note had no validity until the 21st of July, when it was discounted by the plaintiff, the defendant would not be freed from liability, for there is no evidence

that his successor had then been elected. Indeed, there is no evidence that he ever had any successor.

Exceptions sustained and new trial ordered, with costs to abide event.