Daly, J.
Itis undoubtedly the settled law of this state, as contended by defendant, that no cause of action against a trustee or director of a corporation, founded upon neglect to file the annual report, can accrue to a co-trustee, upon a debt of the corporation to him, if he held office at the time of the default; and that the assignee of the claim of such delinquent co-trustee against the corporation cannot hold the other trustee. Briggs v. Easterly, 62 Barb., 51; Bronson v. Dimock, 4 Hun, 614; Knox v. Baldwin, 80 N. Y., 610; McClave v. Thompson, 36 Hun, 365.
But it has never been held that the holder of a promissory note of the corporation, who received it for full value before maturity without notice of the facts, cannot have recourse against the trustees for the statutory penalties, because the note at some time was the property of a co-trustee jointly liable with them for the samo penalties.
The distinction between the bona fide holder of a negotiable promissory note and the mere assignee of a demand, is obvious enough. The latter takes the demand, subject to all equities to which it was subject in the hands of the assignor, while the former holds the note free of all such equities.
Now the principle on which the assignor is barred from recovering, is that it would be unjust and inequitable to permit one who is himself in default to enforce against his co-trustee the penalty for an omission of which they are equally guilty, and thereby to reap an advantage from his own wrong; and the principle on which the assignee is barred from recovering, is that the assignor can convey to his assignee no greater right than he possesses himself.
But this greater right is just what the bona fide holder of a promissory note does take by the indorsement and transfer; and if the defense to his claim against the delinquent trustees is only the equity which exists among them or in their favor against one of their number, who was a prior holder of the note, such defense under the well settled principles that govern the rights of bona fide holders of negotiable paper must fail. The plaintiff, as such a bona fide holder of the company’s paper is, an “outside creditor,” in the *685 language of Briggs v. Easterly (above) for whom the remedy given by the statute was intended, because he does not represent the trustee who transferred the note to him, any more than he represents any other prior holder. He derives his title through such indorser, but not his rights; they are wholly independent.
It is suggested that the original debt in Knox v. Baldwin (above), was upon a promissory note. The plaintiff was not a holder before maturity; he was assignee of a judgment obtained upon the debt, and had none of the rights of a bona fide holder.
I think, therefore, that the plaintiff was entitled to recover against the defendants, because the indebtedness was created by the making of the note on July 2, 1886, on which date, it is conceded that the defendants were in office as directors, and were then delinquent, as to their report; the fact that the indebtedness so created was in favor of one of the . directors, being immaterial as it was in the form of a negotiable promissory note, of which, plaintiff subsequently became the haler before maturity for full value, without notice that the indorser, Jones, was a co-director with the other defendants, and equally chargeable with them for default in filing the report.
It is suggested by defendant that plaintiff was bound to prove affirmatively want of such notice, because defendant had overcome the presumption of good faith by proving a defense, viz: the common directorship and default of plaintiff’s immediate endorser and the other defendants. This defense did not cast on plaintiff the burden of showing want of notice. It is only where the maker of the note shows that it was obtained from him by fraud or duress, that the holder will be required to show under what circumstances, and for what value he became holder. This appears from the cases cited by defendant. First national Bank v. Green, 43 N. Y., 298; Case v. Meck. B. Asso.4 id., 166; Vallett v. Parker, 6 Wend., 615.
The case of Van Amburgh v. Baker (81 N. Y., 46), does not bear upon the question of the defendant’s tenure of office. In that case it appeared that the trustees of the Hott Buck Company were to hold office for the year ending February 25, 1875. The act (see 4) provides that though their term of office had expired, trustees, if their successors had not been chosen, might still bind the company by their acts.
The court of appeals held that that provision did not extend the term of office of the trustees, but merely made the company responsible for their acts if they continued to officiate after the expiration of their term, when their sue - cessors had not been elected. In this case the term of office *686 of the defendant had not ended. The duration of the term1 is fixed by the by-laws of the company.
Section one of those by-laws (fol. 86) provides that the directors shall “ serve for the term of one year, or until such time as their successors shall be elected.” The word “or” must be read as “and,” for the intention evidently was that the trustees should serve for one year and thereafter until their successors should be elected. Even if it should be adjudged that the note had no validity until the 21st of July, when it was discounted by the plaintiff, the defendant would not be freed from liability, for there is no evidence that his successor had then been elected. Indeed, there is no evidence that he ever had any successor.
The exceptions should be sustained, and a new trial ordered with costs to abide the event.
Van Hoesen, J., concurs.