## BOUGHTON vs. OTIS and others.

Under the 12th section of the general manufacturing act, (*Laws of* 1848, *ch.* 40,) requiring every company incorporated under that act to make and publish a report of its condition, annually, within twenty days from the 1st of January, and providing that "if any of said companies shall fail to make and publish such statement, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made," those trustees who are guilty of the neglect of duty, and those only, are liable to the penalty mentioned in the statute.

For a neglect to make and publish the statement, on the part of the trustees in office on the 1st of January, trustees who are subsequently elected are not liable.

THIS was an appeal from an order made at a special term, overruling a demurrer to the plaintiff's complaint. The complaint stated that on the 1st of January, 1857, the Rochester Novelty Works was a corporation, created under the general manufacturing law, (*Laws of* 1848, *chap.* 40.) That Boody, Ritter and Huntington were trustees of said company from the 1st of January to some time in March, 1857; that from and after said some time in March, Boody, Otis and Palmer were, and continued to be, trustees thereof until some time in September, 1857; and that the trustees of said Novelty Works did not, within twenty days from the 1st of January, 1857, or at any time since, file and publish the statement or report required by the 12th section of the said act; that said Novelty Works was indebted to the plaintiff for goods sold between the 18th of January, 1856, and the 5th May, 1857, by reason whereof the plaintiff claimed that both sets of trustees were liable for such indebtedness. The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

*W. F. Cogswell*, for the appellant.

*H. Humphrey*, for the plaintiff.

Boughton *v.* Otis.

*By the Court,* E. DARWIN SMITH, J.    The plaintiff's right
of action depends upon the neglect of the trustees of the
Rochester Novelty Works, within twenty days from the first
of January, 1857, to file and publish the statement or report of
its condition, required by the 12th section of the general man-
ufacturing act, (*Laws of* 1848, *p.* 54.)    The statute provides
that "if any of said companies shall fail to make and publish
such statement, all the trustees of the company shall be jointly
and severally liable for all the debts of the company then ex-
isting, and for all that shall be contracted before such report
shall be made."    This is a penalty imposed for neglect of du-
ty.    The penalty consists in depriving the trustees guilty of
the fault or neglect of duty of the irresponsibility which per-
tains to the directors, trustees and stockholders of corpora-
tions, and subjecting such trustees to a personal liability for
the debts of the corporation then existing.    It is a penalty
imposed, I think, upon those guilty of the neglect of duty,
and those only.    It would be unjust to extend it further; and
I think such was not the intention of the legislature.    The
directors or trustees of a corporation making default might
well be deemed to elect to incur the responsibility imposed by
the statute.    They may fitly be punished in the manner pro-
vided by the act, by being rendered personally liable for the
debts of the corporation.    Such trustees are liable for all debts
then existing, and for all such as may be thereafter contracted
until the proper statement shall be made and published.    New
trustees coming in, I think, are only liable for their own de-
faults.    It is the failure to make and publish the report within
the twenty days next after the first of January of some year,
that creates the penalty: that subjects the trustees then in
office to personal liability for the debts of the corporation then
existing and subsequently contracted.    Such trustees may
exempt themselves from personal liability for future debts by
making such statement after the twenty days, but not for those
then existing.    For such debts their liability is *fixed* by per-
mitting the twenty days to elapse without making and pub-

lishing the statement required by the act. This, I think, is the true construction of this provision; and as the defendant Otis was not in default in making such statement within twenty days after the first day of January of any year, he was not liable in this action, and the demurrer to the complaint was well taken.

The judgment of the special term, overruling the demurrer, should be reversed, and judgment be given for the defendant on such demurrer.

Judgment reversed.

[Monroe General Term, March 7, 1859. T. R. Strong, Welles and Smith, Justices.]