THE MERCHANTS' BANK OF NEW HAVEN, Appellants, *v.* GEORGE BLISS and others, Respondents.

To recover the penalty imposed upon trustees of companies incorporated under the general act of 1848, for neglect to file and publish an annual report of the condition of the company, as required by the 12th section of said act, and also for declaring and paying dividends, while the company is insolvent, in violation of the 13th section of the same, the action must be brought within three years from the time the cause of action accrued.

Such action is brought upon the statute for a penalty where the action is given to the party aggrieved, and, therefore, must be commenced within three years.

THIS action is prosecuted against the defendants, for the purpose of charging them, as trustees of the Empire Stone Dressing Company, a corporation created in the State of New York, under the general act of 1848 for the formation of corporations for manufacturing, mining, mechanical or chemical purposes, for a debt due to the plaintiffs from the Empire Company; for the neglect of the defendants, as such trustees, to file and publish an annual report of the condition of the company, as required by the 12th section; and for declaring and paying dividends while the company was insolvent, or which produced insolvency, in violation of the 13th section of the said act.

The complaint contains every averment necessary for the purpose of creating the liability imposed by the statute, under the sections above referred to.

The defendants, by their answer, put at issue many of the averments of the complaint, and, as an affirmative defense, set up in their answer " that the action is upon a statute for a penalty where the action is given to the party aggrieved, and that the same was not commenced within three years after the cause of action alleged in the complaint accrued."

The plaintiffs interposed a demurrer to this defense. The New York Superior Court, in which court the said action was commenced at Special Term, sustained the demurrer, and ordered judgment for the plaintiffs.

The defendants appealed from this order to the General Term of the Superior Court, where the said order was reversed and judgment directed for the defendants upon the demurrer, unless within twenty days the plaintiffs should withdraw the same, pay costs and reply to the defense, to which the demurrer had been interposed.

The plaintiffs not having complied with the terms of the said order of the General Term, judgment was entered in favor of the defendants for costs, &c.

The plaintiffs now appeal from the said judgment to this court.

*William Bliss,* for the appellants.

*Chas. F. Sanford,* for the respondents.

LEONARD, J.  The cause of action in this case arose in 1854, so that the provisions of the Code of Procedure, and not those of the Revised Statutes, in respect to the limitations of actions, are applicable.

The plaintiffs insist that their cause of action is embraced in the second subdivision of section 91 of the Code, which prescribes the period of six years within which " an action upon a liability created by statute, other than a penalty or forfeiture," may be commenced.

The defendants claim that the shorter period of three years, prescribed by the second subdivision of section 92, for commencing " an action upon a statute for a penalty or forfeiture, where action is given to the party aggrieved," includes this case, and that the action is barred by the lapse of more than that time, after the right accrued, before its commencement.  Less than six years had expired, however, from the time it accrued, when the action was commenced.

It will be necessary to refer, particularly, to the general act for the creation of manufacturing corporations, to ascertain the character of the provisions of those sections, for the violation of which this action has been commenced, and to which one of the sections of the Code, above referred to, is applicable.

By section 12 of that act, every company organized under its provisions is required, " annually, within twenty days from the first day of January," to make a report, which shall be published, &c., stating the amount of capital, and the proportion actually paid in, and the amount of its existing debts; to be signed by the president and a majority of the trustees, verified by the oath of the president or secretary, and filed in the office of the clerk of the county, where the business of the company shall be carried on; " and if any of said companies shall fail so to do, all the trustees of the company shall be jointly and severally liable for all the debts of the company then existing, and for all that shall be contracted before such report shall be made."

Section 13 is similar in its character. It provides that, " if the trustees of any. such company shall declare and pay any dividend, the payment of which would render it insolvent, or which would diminish the amount of its capital stock, they shall be jointly and severally liable for all the debts of the company then existing, and for all that shall thereafter be contracted while they shall respectively continue in office." It is clear that there was no primary liability of these defendants for the debt of the Empire Stone Dressing Company to the plaintiffs. The liability of the company was upon the acceptance of a bill of exchange. The liability of these defendants arose only from their violation of the directions of the sections above quoted from the act under which the corporation was formed; not from their personal contract. The case under consideration differs, in that respect in *toto*, from the case of *Corning* v. *McCullough* (1 Comst., 47.) There the stockholders were primarily liable for the contracts of the company, by the terms of their act of incorporation, as determined by this court in the report of that case. (p. 57.) It was an action to recover a debt or damages due from the defendants for goods delivered by the plaintiff on the credit of the defendants, although not on their request. That case arose before the adoption of the Code, and was governed by the provisions of the Revised Statutes, but nearly the same question was involved, and the

opinion of the court is full of learning upon the subject, and is very instructive as to the application of the law in the present case.

The provision for the three years' limitation, as contained in the Revised Statutes, was very similar in its language, and, as stated and expounded by this court in the case of *Corning* v. *McCullough*, was identical in meaning and effect with the short limitation contained in the second subdivision of section 92 of the Code.

While distinguishing the case of *Corning* v. *McCullough* from the application of the similar provision of the Revised Statutes, the learned and experienced Judge JONES, who delivered the opinion of this court, said, in reference to the shorter limitation, " that the intention of it was to provide and apply a rule or time of limitation to actions on statute by the party aggrieved, for the same or similar causes, with those for which actions were given to the people, or to common inform-ers." That learned judge illustrated his argument by a refer-ence to a large class of actions upon a liability created by statute, which would be within the legitimate range of the short limitation as much as the case then before the court, but which belonged unmistakably to the class to which the limita-tion of six years is applicable. He instances, among several others, actions by mechanics against the owner of a building to enforce a statutory lien for a debt due from the contractor; and I will add another: the case of an action given by statute to the personal representatives of a deceased person, whose death has been caused by the wrongful act, neglect, or default of another.

These instances illustrate the class of actions upon a liabil-ity created by statute, other than a penalty or forfeiture, better than any language which I can furnish as a definition. The provisions of section 91 of the Code are very nearly the same as the article of the Revised Statutes, entitled, " Of the time of commencing actions for the recovery of any debt or demand, or for damages only." (2 R. S., 295, 296, marg. p.)

The second subdivision of section 91 is a new definition, or clause, included in the provision for six years limitation.

The whole section, like the article of the Revised Statutes, providing the limitation of six years, appears to relate to actions sounding in damages only. Under the statutes of limitations, existing before the adoption of the Code, there could be no doubt, I think, that the present action would come under the three years' provision.

The sections of the general act for the incorporation of manufacturing companies, for the violation of which this action is brought, give no indication of an intention to afford a remedy for damages.

Under these sections, the trustees are declared to be jointly and severally liable for all the debts of the company, in case of a violation of their provisions. The liability, it must be observed, is not limited to the injury or damage sustained by the creditors in consequence of the violation; but upon failure to file the report, or upon making a prohibited dividend, however small or trifling the amount, the trustees are subjected to the payment of the whole amount of the debts of the company then existing, and for all that shall be contracted, in the one case before the report shall be made, and in the other while they shall respectively continue in office. These provisions appear to be severally punitive, inflicted on grounds of public policy, for the protection of creditors, and the prevention of frauds upon the public in respect to the financial condition of such corporations. It is, clear that the liability of the trustees is not imposed as an indemnity, because it has no relation to the actual loss or injury sustained by the party in whose favor the action is given. The action depends wholly upon the statute. There never was any such remedy, or cause of action, in whole or in part, at common law. If any action could have been maintained at common law, for either of the causes mentioned in sections 12 and 13 of the general act, in relation to manufacturing corporations, it could extend only to the actual damages or injury sustained. But those elements have nothing to do with the actions given by these sections. Nor, indeed, is it necessary that the creditor should have sustained any injury or damage by reason of a violation of those sec-

tions.    It is sufficient that the party prosecuting the action should be a creditor when the violation of the law takes place. ⟨ The right of action is given to the creditors, and they must be held to be the parties aggrieved.

For these reasons, I am satisfied that the sections 12 and 13 impose a penalty, or a disability in that nature, to which the shorter limitation of three years applies.    This was the rule applied by the General Term in the court below, and in that conclusion I think we should concur.

The judgment appealed from should be affirmed, with costs.

All the judges concurring,

Judgment affirmed.