BANK OF CALIFORNIA, RESPONDENT, *v.* WALTER K. COL-
LINS, EXECUTOR, ETC., OF GEORGE C. COLLINS, APPELLANT,
AND OTHERS.

*Action against trustees for failure to file report does not survive — Tort.*

The action given by the statute (3 Edm., 735, § 12) against the trustees of a
corporation for a failure to file the report required thereby, is penal in its
character, and does not survive against the executor of a deceased trustee.
(DAVIS, P. J., dissenting.)

APPEAL from an order reviving and severing this action as to
the executor of G. C. Collins, deceased.

*Winchester Britton,* for the appellant. This action would not
survive at common law. It is for a penalty. (*Dabney* v. *Stevens,*
10 Abb. [N. S.], 69 ; *Squires* v. *Brown,* 22 How. Pr., 35 ; *Vincent*
v. *Sands,* 33 Supr. Ct., 516 ; *Merchants' Bank* v. *Bliss,* 35 N. Y.,
416 ; 13 Abb., 238 ; *Deming* v. *Puleston,* 33 Supr. Ct., 238 ; *Bough-
ton* v. *Otis,* 29 Barb., 197 ; 21 N. Y., 464 ; *Andrews* v. *Murray,*
33 Barb., 356 ; *Bird* v. *Hayden,* 1 Robt., 386 ; *McHarg* v. *East-
man,* 7 id., 137.) At common law the test as to whether an action
abated by the death of the defendant was whether the cause of
action was *ex delicto.* The axiom was "*actio personalis moritur
cum persona.*" (*Hambly* v. *Trott,* Cowp., 371, 375 ; 2 Wms. on
Exrs., 1470 ; *People* v. *Gibbs,* 9 Wend., 29.) An action for a
penalty is *ex delicto* and therefore would not survive at common
law. (2 Saund. on Plead. and Ev., p. 5 * p. 506 ; 2 Wms. on Exrs.,
1471.) Nor will such an action survive under the Revised Statutes.
(*De Witt* v. *Buchanan,* 54 Barb., 32 ; *Zabriskie* v. *Smith,* 13 N.
Y., 322 ; see, also, comments on this case, 58 Barb., 384.)

*Thomas L. Snead,* for the respondent. It is settled law in this
State that all causes of action survive, saving those which are
excepted in the second section of the statute. (2 Edm., 467.) In
other words, the exceptions in the second section manifest the inten-
tion of the legislature that all other actions founded upon tort should
survive. (*Haight* v. *Hayt,* 19 N. Y., 464, 468, 474 ; *Bixby* v.

*Wood*, 24 id., 607, 612; *Sheldon* v. *Wood*, 2 Bosw., 269, 278; *Johnston* v. *Bennett*, 5 Abb. [N. S.], 331; *Gray* v. *Speer*, 58 Barb., 349, 385; *Heindmuller* v. *Gray*, 13 Abb. [N. S.], 301, 302.)

BRADY, J.:

This action was commenced by a creditor of the La Abra Silver Mining Company, a corporation created under the laws of this State, against trustees who failed to publish an annual report as required by law. During its pendency one of the defendants, George C. Collins, died, and on motion for that purpose an order was made at Special Term reviving the action and severing it so that it might proceed against his executor. The executor appeals. The action is for a penalty. The provisions of the statute by which it is authorized appear to be severely punitive, imposed on grounds of public policy for the protection of creditors and the prevention of frauds upon the public in respect to the financial condition of such corporations. (Per LEONARD, J., in *Merchants' Bank* v. *Bliss*, 35 N. Y., 416.) It was also said in that case that it was not necessary that the creditor should have sustained any injury or damage by reason of a violation of the statute. It was sufficient that the party prosecuting the action had a claim when the violation of the law took place. The action is therefore penal in character. (*Dabney* v. *Stevens*, 10 Abb. [N. S.], 39; *Squires* v. *Brown*, 22 How. Pr., 35; *Vincent* v. *Sands*, 33 Supr. Ct., 516; *Boughton* v. *Otis*, 29 Barb., 196; *Estes* v. *Burns*, 37 Supr. Ct., 1; *Merchants' Bank* v. *Bliss, supra;* *McHarg* v. *Eastman*, 7 Robt., 137.) The personal liability is imposed by way of punishment for the transgression of omitting to make the report. (Per JOHNSON, J., *Briggs* v. *Easterly*, 62 Barb., 61.) Actions *ex delicto* did not survive at common law. (*Hambly* v. *Trott*, Cowp., 375.) The right in such cases is based on an injury *ex maleficio* from which the testator derived no advantage to himself, and this is the principle on which his personal representatives are held not answerable. (Lord MANSFIELD, J.; see, also, *Whitacres* v. *Onsley et al.*, Dyer, 332, *a.;* *Martin* v. *Bradley*, 1 Caines, 123; *Franklin* v. *Low & Swartwout*, 1 Johns., 396.) A penal action cannot be supported against an executor for a penalty forfeited by the tes-

tator under a penal statute.    (1 Chitty's Pl. [6th Am. ed.],
103 ; Com. Dig., Admin., B, 15.)    And whether this action be
regarded as one arising *ex delicto* (see *Andrews* v. *Murray*, 33
Barb., 354), or one dependent upon a penal statute, it does not sur-
vive at common law and cannot be maintained against the executor
of G. C. Collins, deceased.    It is supposed, however, that the pro-
visions of the Revised Statutes, which are as follows, make a change
in the rules of the common law and give a right of action against
the personal representative of the deceased wrong-doer :

Section 1.  For wrongs done to the property, rights or interests
of another, for which an action might be maintained against the
wrong-doer, such action may be brought by the person injured, or
after his death, by his executors or administrators, against such
wrong-doer, and after his death against his executors or adminis-
trators, in the same manner and with like effect in all respects, as
actions founded upon contracts.

Section 2.  But the preceding sections shall not extend to actions
for slander, for libel, or to actions of assault and battery, or false
imprisonment, nor to actions on the case for injuries to the person
of the plaintiff, or to the person of the testator or intestate of any
executor or administrator.    (2 Stat. at Large [Edms.], 467.)

These provisions have been interpreted by a number of decisions,
and it has been declared that the language contained in the second
section makes the intention of the legislature manifest that all
actions other than those designated in it shall survive.    (*Haight* v.
*Hayt*, 19 N. Y., 464, 468, 474 ; *Byxbie* v. *Wood*, 24 id., 607, 612 ;
*Sheldon* v. *Wood*, 2 Bosw., 269, 278 ; *Johnston* v. *Bennett*, 5 Abb.
[N. S.], 331.)    But this construction relates to the class of wrongs
done which are embraced within the terms of the first section ; that
is, wrongs done to the property, rights or interests of another.
This action is not to redress a wrong either to the property, rights
or interests of the plaintiff.    It is not necessary for its maintenance,
as we have seen, that the creditor should have sustained any injury
or damage by violation of the law out of which it springs.    It has
no relation to the actual loss or injury sustained by the party in
whose favor the action is brought (*Merchants' Bank* v. *Bliss, supra*),
but depends entirely upon the omission to file an annual report in
accordance with the requisitions of the statutes relating thereto.

The omission had no relation to any right, property or interest of the plaintiff. It did not affect his rights, property or interests, which were all in existence when the omission occurred. It simply created for him another mode of enforcing his claim, another liability to which he could resort in case the original debtor failed to pay his claim. It was not a wrong done to his property, or rights or interests, as contradistinguished from those of any other citizen, whether such citizen had or had not a claim against the company. It was, in all its elements, only an act invoking a penalty for the violation of a duty to the public, and not to any private person; a duty imposed solely and exclusively by statute for the general welfare of the people of the State. The statute, therefore, providing for actions which should survive, does not, either in its terms or spirit, embrace the plaintiff's demand, and if that be so, the action ceases, and the order appealed from was erroneously made, and should be reversed.

DAVIS, P. J. (dissenting):

I am not able to concur with the view expressed by my brethren in this case. In my opinion the case is embraced in the language of the statute, which declares, with clearness and precision, what actions shall survive against personal representatives of deceased parties. (2 Stat. at Large [Edm. ed.], 467.)

The first section declares that for wrongs done to the property, rights or interest of another, for which an action may be brought against the wrong-doer, such action may be brought by the person injured, or after death, by his executors or administrators, against such wrong-doer, and after his death, against his executors or administrators, in the same manner and with like effect, in all respects, as actions founded upon contract. The language of this section seems to me, in itself, sufficiently perspicuous to make the intention of the legislature manifest, that all actions brought for wrongs done to the property, rights or interests of another, shall survive against the personal representatives of the wrong-doer. The words of the statute: "for wrongs done to the property, rights or interests of another, for which an action may be brought against the wrong-doer," are extremely broad and comprehensive, and would embrace all classes of wrongs but for the exceptions of section 2. But when this section is read in connection with section 2 of the same statute,

the meaning is made so clear by the exceptions in the second section, that all doubt seems to me to be removed. The second section reads as follows: But the preceding sections shall not extend to actions for slander, for libel, or to actions of assault and battery, or false imprisonment, nor to actions on the case for injuries done to the person of the plaintiff, or the person of the testator or intestate of any executor or administrator. By thus specifying the exceptions in the second section, the legislature have given great force to the language of the first. *Expressio unius est exclusio alterius* is the maxim to be applied. The plaintiff sues as a creditor of the bank. The action is given, it is true, by statute, and in a certain sense is a penal one. Nevertheless, the legislature have provided, by the statute giving this right of action, a remedy based, I think, upon the conception that the omission to make and file the return is a wrong done to the rights and interests of creditors. It is a wrong to the creditors of the corporation to be deprived of the means which the legislature requires to be publicly furnished, of information as to the affairs of the company. The object in requiring this return was to enable creditors, by reference to public documents, more easily to take care of and provide for their own rights and interests; and the personal liability imposed by the act on trustees for neglecting to make and file such return, is upon the supposition, which the statute makes conclusive, that the creditors are, or may be, injured by such neglect of duty.

The official negligence restores the personal liability of the negligent officer as to debts for which he would have been personally liable but for the provisions of the charter wholly or partially excusing him. The recovery and collection of a debt in an action against a trustee, undoubtedly, so far as the creditor is concerned, extinguishes it against the corporation. It is not necessary to determine whether the defaulting trustee who is thus compelled to pay the debt owing by the corporation in such action, has any remedy or redress against the corporation or his fellow corporators. It is enough in this case to be able to say that a remedy for the collection of an existing indebtedness is conferred upon the creditors, against officers of the corporation whose negligence is conclusively supposed by the law, to be a cause of injury to the rights and

interests of the creditors of the company; and it is upon this idea that this personal right of action is given to the creditors.

In my judgment the decision of the court below holding that the right of action survived was correct and should be affirmed.

DANIELS, J., concurred in opinion of BRADY, J.

Order reversed, with costs.