THE VICTORY WEBB PRINTING AND FOLDING MACHINE MANUFACTURING COMPANY, Respondent, *v.* HENRY WARD BEECHER and Others, Appellants.

*Manufacturing corporation—liability of its trustees for a failure to file a report—Chapter 510 of 1875 — effect of, upon liabilities incurred before its passage — meaning of the word "debts" as used in chapter 40 of 1848.*

The trustees of a manufacturing corporation, whose certificate of incorporation was filed October 6, 1874, failed to file the report required by section 12 of chapter 40 of 1848, in January, 1875. On June 7, 1875, chapter 510 of the laws of that year took effect, whereby the said twelfth section was so amended as to require that every such company should make a report, "within twenty days from the first day of January, if a year from the time of the filing of the certificate of incorporation shall then have expired, and if so long a time shall not have expired, then within twenty days from the first day of January in each year after the expiration of a year from the time of filing such certificate."

*Held,* that the act of 1875 repealed the former statute and relieved the trustees from the liability for the debts of the company, imposed upon them by the former act because of their failure to file the report.

*Semble,* that the "debts" for which the trustees are made liable by the act do not include unliquidated claims for breaches of contracts and causes of action incidentally arising or, resulting therefrom, which the company might meet and defeat by some sufficient defense.

APPEAL from an order overruling a demurrer interposed to the complaint, and from an interlocutory judgment in favor of the plaintiff entered thereon.

The defendants, claiming that seven distinct causes of action were set forth in the complaint, demurred to each of them separately, on the ground that it did not state facts sufficient to constitute a cause of action.

*Shearman & Sterling, Lewis & Beecher* and *Thorndike Saunders,* for the appellants.

*Lord, Day & Lord,* for the respondent.

DAVIS, P. J.:

The complaint sets forth several distinct causes of action, some of which are alleged to have arisen upon a contract for the manufacture of certain machinery; others upon the manufacture of additions to the machinery not called for by the original contract; others for claims growing out of the unlawful neglect and refusal of the contracting corporation to accept such machinery by reason of which divers expenses were incurred for storage, insurance, etc., of the same. The original contract was alleged to have been made with a corporation organized by the name of "The Christian Union Company," which corporation expired by the limitation of its charter before any cause of action arose on the contract, and it is alleged that a new corporation was thereafter organized having the same corporate name, which assumed the obligations of the contract and took the place of the former corporation in respect thereto. The action is brought against the appellants as trustees of the latter corporation to recover against them jointly and severally under the provisions of section 12 of the manufacturing act of 1848.

It is necessary, therefore, to import an averment on that subject

which follows the seventh count or cause of action of the complaint, into each of the several preceding causes of action, to make them respectively causes of action against the defendants as such trustees.

It seems impossible to treat the complaint as containing a single cause of action. By its express allegations it contains several; and if it be true that the separation of them was not in all cases necessary, yet, as to some portions it certainly was, and the plaintiff ought not to be heard now to urge his own inaccuracy in making the separations as a ground for defeating a demurrer which adopts and follows his own division and classifications. This suggestion is only made to meet the point now urged, that the demurrer is bad, because not taken to the complaint as a whole instead of to the several alleged distinct and separate causes of action. A demurrer to the whole complaint as a single cause of action would have been bad if either of the plaintiff's alleged grounds of action presented a separate cause.

There are but two questions which need to be considered in disposing of the demurrer, although a large number are presented by the points of the appellants. The first is whether the complaint shows a liability under the statute against the defendants as trustees of the corporation. The organization of the second Christian Union Publishing Company is alleged to have been perfected by filing the certificate of incorporation on the 6th day of October, 1874. As the twelfth section of the act of 1848 then provided, the company was required annually, within twenty days from the first day of January, to make and publish a report in the form and manner prescribed by the section, and in default of so doing all the trustees were made jointly and severally, personally liable for " all the debts of the company then existing and for all contracted before the report shall be made."

Afterwards, and before this suit was brought, the legislature amended the section so as to read as follows : " Every such company shall, within twenty days from the first day of January, if a year from the time of the filing of the certificate of incorporation shall then have expired, and if so long a time shall not have expired, then within twenty days from the first day of January in each year after the expiration of a year from the time of filing such certificate,

make a report, which shall be published," etc.    And the amended section imposes the same liability on the trustees when the company fails to file such report as the former section required.    (Chap. 510, Laws of 1875 ; see Statute Law of New York [Diossy's ed.], vol. 2, p. 306.)

The certificate in this case was filed October 6, 1874.    Under the section as it stood then, the certificate should have been filed within twenty days after the 1st day of January, 1875.    The default in doing so is the ground of the liability of the trustees averred by the complaint.    But a short time afterwards the legislature amended the act in such a manner that the certificate was not required to be filed till within twenty days after the 1st day of January, 1876. No default in so filing it is averred.    The action was commenced in 1878 for causes of action alleged to have accrued against the company in 1875.    The amending act of 1875 contained no saving clause, except of actions pending at the time of its taking effect, which was June 7, 1875.    The plaintiffs' causes of action had not then wholly accrued, and no action therefor was pending.    The question is, can the plaintiffs maintain this action under the provisions of the original law ?

The effect of the amendment, as to cases not saved by the act, was to abrogate the existing provision by substituting another. The legislative action was equivalent to a repeal of the former section and the enactment of another section with new provisions. Doubtless, it was intended to relieve trustees whose corporations had failed to make and publish the report, which was designed to be an annual one and to give information of the condition of the company at or near the close of each year, saving such liability only in cases where suits were then pending.    (*Moore* v. *Mausert*, 49 N. Y., 332.)

" Every statute is by implication a repeal of all prior statutes, so far as it is repugnant and contrary thereto, and that without any repealing clause." (Sedgwick Statutory Law, 104 ; *U. S.* v. *Tynen*, 11 Wall., 88 ; *Dexter and L. Plank Road Co.* v. *Allen*, 16 Barb., 15 ; *Bartlet* v. *King*, 12 Mass., 537 ; Potter's Dwarris, 155.)

It is settled in this State that the recovery allowed by statutes against trustees and stockholders for the failure of a corporation or its officers, to make a report, is a penalty. (*Merchants' Bank* v.

*Bliss*, 35 N. Y., 412; *Garrison* v. *Howe*, 17 id., 458; *Adams* v. *Mills*, 60 id., 536, 553; *Mc.Harg* v. *Eastman*, 35 How. P. R., 205; *S. C.*, 7 Robt., 137; and several cases lately decided by this court.)

The general rule is that a penalty given by statute cannot be recovered after its repeal although incurred before, unless the repealing act reserves the right of action. (*Butler* v. *Palmer*, 1 Hill, 324; *Smith* v. *Banker*, 3 How., 142.) The plaintiff in such an action must be able to show the court a statute in force at the time of the trial giving the penalty. This he does if his right is reserved by a repealing act; but this he cannot do if the statute be repealed by express enactment or necessary implication without any saving clause on which he can stand. It follows, therefore, that when the plaintiff began the action there was no existing penalty to be recovered and the demurrers were well taken.

The other question under the statute is, whether the allegations of the complaint show "debts" existing against the corporation, within the meaning of the twelfth section. They show, undoubtedly, causes of action for breaches of contract and causes incidentally arising or resulting from such breaches, which would entitle them to recover damages against the company unless met and defeated by some sufficient defense. But it is very doubtful whether such causes of action are "*debts*," within the meaning of the act. If they are "debts," would not the company be bound to include them in the annual report of "existing debts" to be made under section 12? The statute says the report must state the amount of its "existing debts." Is it the intention that the report shall state as *existing debts* the amount of disputed and contested claims? If that be so then the statute would operate in many cases as a confession of indebtedness destructive of good defenses. The words "existing debts" must have been used in some more restricted sense, or else the statute might operate to subject the trustees to liabilities, which may not be capable of recovery against the corporation itself, for if they are to be regarded as existing debts, then their omission would be fatal to the validity of the report. But the statute liability is expressly confined to "existing debts." If the statute is to be strictly construed (*Garrison* v. *Howe*, 17 N. Y., 458), then the courts are bound to observe the distinction in law between debts and demands or claims for dam-

ages. The courts have held that certain kinds of liability, which must ultimately ripen into "debts," are not "debts" within the meaning of the act of 1848, and similar acts. (*Oviatt* v. *Hughes*, 41 Barb., 541; *Whitney Arms Co.* v. *Barlow*, 68 N. Y., 34.) And this court has lately had under advisement and determined the same question. On both of these grounds we think the plaintiffs fail to show a right to enforce the statutory penalties demanded by the complaint. The judgment and order appealed from must be reversed, with costs of the appeal, and judgment given for defendants on the demurrer, with costs, with leave to plaintiff to amend on the usual terms.

Brady and Daniels, JJ., concurred.

Judgment reversed and judgment entered for the defendants on the demurrer, with costs and with leave to plaintiff to amend on the usual terms.