Gadsden agt. Woodward.

᠊ᴄies, so that if the executors or donee fail or refuse to carry out the objects for which the legacies are given, the legacies would revert to the estate. However, that may be, in this case the donee is discharging the conditions imposed by the testator, and the question does not arise.

I think a provision for masses for the benefit of the testator's soul is exactly akin to a provision for his funeral or monument, while decent burial is given by the law out of even an insolvent's estate. I think the monument is no more an adjunct or concomitant of burial than the masses. One testator may direct his whole estate expended in the pomp of a funeral pageant, a second in a monument to commemorate his name, a third in religious services for the benefit of his soul. It is a matter of taste and of religious faith. I think all the directions are of the same general character and equally good in law.

The conclusion here reached is supported by the able opinion of the late surrogate of this county in *The Matter of Hagenmeyer's Will* (12 *Abb.* [*N. C.*], 432).

Judgment for defendant.

---

## SUPREME COURT.

Henry A. Gadsden, respondent, agt. Edward H. Woodward, appellant.

Douglass Dixon, respondent, agt. Edward H. Woodward, appellant.

*Code of Civil Procedure, sections* 523, 837 *and* 1214— *Corporations* — *Action against trustee to recover corporate debts as penalty for failure to file annual report* — *Defendant cannot serve an unverified answer to a verified complaint* — *Defendant not privileged as a witness under section* 837 *of Code of Civil Procedure* — *Judgment cannot be entered on application to the clerk* — *Action ex delicto not ex contractu.*

A complaint in an action against a trustee to charge him with a corporate

Gadsden agt. Woodward.

debt by reason of the failure to file an annual report, when verified requires a verified answer.

In such an action the defendant would be obliged to testify, if called as a witness, against himself and is not privileged under section 837 of the Code ; disproving *Hughan* agt. *Woodward* (2 *How. Pr.* [*N. S* ], 127.)

The action is not one specified in 1214 of the Code, and judgment cannot. be entered by application to the clerk, but an application must be made to the court.

Where a defendant is served with a verified summons and complaint in an action to charge him as a trustee of a corporation with a corporate debt, by reason of the failure of the corporation to file an annual report, he must serve a verified answer and the plaintiff will not be compelled to receive an unverified answer.

Where the plaintiff, in such an action, upon the service of an unverified answer to a verified complaint, returned the answer with notice that the plaintiff elected to treat it as a nullity and thereupon entered judgment without application to the court. *Held*, that the order of the special term. refusing to vacate such a judgment was erroneous, and that the judgment should be vacated because the action was not an action on contract within the meaning of section 1214 of the Code.

*First Department, General Term, October*, 1885.

*Before* DAVIS, *P. J.*, BRADY *and* DANIELS, *J. J.*

APPEALS from two orders of judge LAWRENCE.

*First.* Denying the defendant's motion to compel the plaintiff to receive the defendant's unverified answer.

*Second.* Denying defendant's motion to vacate a judgment. entered by the plaintiff upon application to the clerk, without. notice to the defendants, required by section 1219 of the Code.

*James B. Dill* (*Dill & Chandler*), attorneys for appellant.

*First.* The defendant was entitled to serve an unverified answer because under section 523 of the Code, the verification may be omitted "where a party pleading would be privileged from testifying as a witness concerning an allegation or denial contained in the pleadings." In an action such as this, the defendant is privileged from testifying as a witness concerning

the allegations of the complaint, because under section 837 of the Code a party is excused from giving an answer which will tend "to expose him to a penalty or forfeiture (*Hughen* agt. *Woodward*, 2 *How. Pr.* [*N. S.*], 127).

*Second.* A complete answer to the question, as to whether this action is a penalty or forfeiture within the meaning of section 837 of the Code, is to say that these exact words "penalty or forfeiture," are used elsewhere in the Code, and have been passed upon by the Court of Appeals, as follows: Section 383 prescribes that an action for "a penalty or forfeiture must be brought within three years" (*Merchants' Bank* agt. *Bliss*, 35 *N. Y.*, 412; *Stokes* agt. *Stickney*, 96 *id.*, 326, *and cases cited*). Section 983 prescribes that an action "to recover penalty or forfeiture must be brought within the county where the cause of action arose," *Veeder* agt. *Baker* (83 *N. Y.*, 156) holding that an action such as this. is an action to recover a penalty or forfeiture. Section 1897 of the Code provides that, in an action "to recover a penalty or forfeiture, an indorsement must be made upon the summons" (*Vernon* agt. *Palmer*, 48 *Supr. Ct.*, 231), is to the effect that an action such as this is an action within this section of the Code. The judgments entered are void, because section 1214 is limited to actions on contract. This is not an action on contract, but is to recover a penalty or forfeiture. See cases above cited, *Halsted* agt. *Dodge* (51 *Supr. Ct.*, 179), *Wilds* agt. *Suydam* (64 *N. Y.*, 173), holding that by uniting an action against a trustee with an action on contract, renders the complaint demurrable (*Victoria W. P. & F. M. Co.* agt. *Beecher*, 97 *N. Y.*, 651). The defendant was entitled to notice of assessment by the clerk (*Code, sec.* 1219).

*Wilmot & Page*, for the respondent.

I. The complaint having been verified, the answer served must also be verified, and the denial of the motion to compel the receipt of the unverified answer was proper under the circumstances. "Where a pleading is verified, each subsequent

Gadsden agt. Woodward.

pleading, except a demurrer, or the general answer of an infant by his guardian *ad litem*, must also be verified. But the verification may be omitted in a case where it is not otherwise specially prescribed by law, where the party pleading would be privileged from testifying as a witness, concerning an allegation or denial contained in the pleading. A pleading cannot be used in a criminal prosecution against the party, as proof of a fact admitted or alleged therein " (*sec.* 523, *Code of Civil Pro*). Under this section the defendant is *not* privileged, either as a witnes or as to verifying his answer. The failure of the trustees to file the annual report was not a misdemeanor, and no fine could be imposed by law. The liability created by the statute is in the nature of liquidated damages, chargeable against the trustees upon their failure to file the annual report, and the measure of that liability is based upon the accrued indebtedness of the corporation. Even though fraud had been alleged, the answer must be verified (*sec.* 529, *Code Civ. Pro.*).

II. The answer sought to be interposed, sets up the statute of limitations. This defense does not involve the merits, and the answer must be verified or it may be disregarded and treated as a nullity. Dilatory defenses must be verified (*sec.* 513, *Code of Civ. Pro. ; Fredericks* agt. *Taylor,* 52 *N. Y.,* 596).

III. The judgment was regularly taken and entered. No application to the court was necessary under the circumstances (*secs.* 420, 1212, 1213 *of Civil Pro.*). The unverified answer was at once returned upon receipt with a notice electing to treat it as a nullity (*sec.* 528, *Code Civ. Pro.*). Judgment was not entered until after the entry of the order denying defendant's motion to compel plaintiff to accept the unverified answer. The action is brought for the recovery of a debt, and not to recover a penalty. No penalty attaches to any default of the trustees, without there is an existing debt against the corporation. The remedy is cotemporaneous and concurrent against the defaulting trustees and corporation, and can only be resorted to for the collection of a debt due from the corporation. A recovery had against the corporation, the liability ceases—or if

Gadsden agt. Woodward.

the recovery is had against the defaulting trustees, the creditor cannot recover as against the corporation, but the defaulting trustees may be subrogated, and may compel contribution and payment from their co-defaulting trustees. The trustees, by their default, become sureties for the accrued debts of the corporation (*Jones* agt. *Barlow*, 62 *N. Y.*, 202, 205). The debt demand by the plaintiff has accrued. It is capable of being liquidated and an assessment made by the clerk (*sec.* 420 *of Code of Civ. Pro.*). The defendant stands upon the record, and is, in fact, in default, and thus must be taken to have admitted both the right of recovery and its amount (*Bullard* agt. *Sherwood*, 85 *N. Y.*, 253, 255).

IV. The judgment should not be disturbed even though an application to the court should be held to be proper. There is no pretense that the present judgment would have been more favorable to defendant, Woodward, or for a smaller amount, if application had been made to the court instead of the clerk. No substantial right has been, or can be, affected, and the error or defect, if any, must be disregarded (*sec.* 723, *Code of Civ. Pro.*). This was so under the old Code (*sec.* 176; *Whitehead* agt. *Pecare*, 6 *How.*, 35). Neglect to apply to the court for judgment, when necessary, is a mere irregularity (*Bissell* agt. *N. Y. C. H. & Co.*, 67 *Barb.*, 385). To set aside an irregular judgment, the moving party must show that he is prejudiced or injured by it (*Green* agt. *Warren*, 14 *Hun*, 434). In this case the court very properly says: "If, however, it should be conceded that the judgment of the plaintiff was irregularly entered, it does not follow that it should be set aside," and further: "No mere trivial irregularity should be permitted to deprive a party of a lien fairly, but irregulary, it may be, acquired" (*citing case of Bank of Buffalo* agt. *Cowry*, 22 *Wend.*, 630; 4 *Wait's Pr.*, 632, *and cases cited; Bacon* agt. *Copsy*, 7 *N. Y.*, 195. *Union Bank* agt. *Bliss*, 36 *id.*, 631; *Mitchell* agt. *Van Buren*, 27 *id.*, 300; *Hatch* agt. *Central National Bank*, 78 *id.*, 487–490).

BRADY, *J.*—This action was brought to enforce a liability incurred as alleged by the defendants and his co-trustees, in consequence of their failure to file an annual report as trustees of the Pyrolusite Manganese Company. The summons was personally served on the appellant defendant within the state, and the complaint was duly verified. The defendants answered separately, but the defendant Woodward served an unverified answer, which was returned the day it was served, with a notice electing to treat it as a nullity pursuant to section 528 of the Code of Civil Procedure. On the 13th of May, 1885, the appellant made a motion to compel the plaintiff to receive the unverified answer, which motion was denied and an order entered. Judgment was subsequently entered as on a default for want of an answer in an action upon contract, and therefore upon application to the clerk only.

Thereafter the defendant moved to set aside the judgment as irregularly entered, which motion was denied. This appeal involves the propriety of both orders denying the motions mentioned. The appellant insists, this being an action to recover a penalty, that he is not bound by the provisions of the Code to answer under oath the allegations in the complaint. And this view seems to be predicated of a number of decisions declaring, as they certainly do, the action to be in its nature *ex delicto* and in its character penal. It was so pronounced in the case of the *Merchant's Bank* agt. *Bliss* (35 *N. Y.*, 412), and since that decision, as observed by chief judge RUGER, in *Stokes* agt. *Stickney* (96 *N. Y.*, 326), the subject of actions under the section of the statute of 1848 which create the liabilities of trustees upon facts alleged in this action, "has frequently been under the consideration of this court, with the uniform conclusion that the actions therein provided for are penal in character and are not in any respect based upon the theory of affording compensation to the injured party for damages sustained by reason of the omission complained of." The logical effect of these decisions which he states, is to classify such actions under those

Gadsden agt. Woodward.

usually designated as actions *ex delicto* and which at common law were extinguished by the death of the *tort feasor.*

The Code, however, by section 523, provides that where a pleading is verified, each subsequent pleading, except a demurrer, must also be verified. And further, that the verification may be omitted in the action where the party would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading, and section 837 declares that a witness shall not be excused from answering a relevant question on the ground only that the answer may tend to establish the fact that he owes a debtor, or is otherwise subject to a civil action; but provides that this does not require a witness to give an answer which would tend to accuse himself of a crime or misdemeanor, or expose him to a penalty or forfeiture. Nor does it vary any other rule respecting the examination of a witness. The theory of the appellant, therefore, is that this is an action *ex delicto* for a penalty, and that as he could not be required to appear as a witness and answer any question which would expose him to a judgment for a penalty, he is not bound to verify his answer.

It will doubtless have been observed that section 837, to which reference has been made, expressly declares that the witness shall not be excused from answering any relevant question on the ground only that the answer may tend to establish the fact that he owes a debt or is otherwise subject to a civil suit. It is true that the statute of 1848, under which this action was brought subjects a trustee who fails to comply with some of the provisions of that statute to a penalty which in this particular instance is the payment to the creditor of a debt due from the corporation. In other words, it extends the liability of the corporation to the trustee and imposes upon him the obligation to pay the indebtedness. It is not, however, a penalty in the sense of a forfeiture, as in the case of *Henry* agt. *Salina Bank* (1 *N. Y.* 83), and upon which the appellant herein relies. There it appears that if Chapman, the witness, had committed the act complained of, he forfeited not only

Gadsden agt. Woodward.

twice the amount of the loan which he made on behalf of the bank with which he was connected, but likewise forfeited the debt itself. Hence the word penalty or forfeiture, used in section 837, would seem to be used in the same sense. In other words, the penalty as to which the witness may be excused from testifying necessarily must involve a forfeiture, as illustrated by the case to which reference has just been made. And this must be a forfeiture as contradistinguished from the liability to pay a debt. It must be characterized by the loss of some right, privilege, estate, honor, office or effects by an offense, crime, breach of condition or other act.

It is true that the obligation imposed to pay the debt is a *quasi* forfeiture of a man's property, but that the legislature intended to make a distinction between it and such a penalty as mentioned is very clear, for the reason which has already appeared, namely, an express declaration that the witness should not be excused from answering where the answer would tend *only* to establish that he owed a debt or was otherwise subjected to a civil suit. And this view is confirmed by the definition, *first*, of a criminal action and, *secondly*, of a civil action. A criminal action is one prosecuted by the people of the state against a person charged with a public offense for the punishment thereof. Every other action is a civil action (*see Bliss' Annotated Code*, 1877, *p.* 1003).

We have been referred on this subject to the case of *Clapper* agt. *Fitzpatrick* (3 *How.*, 314), decided in 1848. That, however, was an action of assault and battery and the section under which it was decided was quite different from that now under consideration, as will be seen by an examination of that case.

We are also referred to the case of *Hughumen* agt. *Woodward* (*August No.*, 1885, *How. Pr.*, 127), in which the general term of the city court held that in an action such as this a defendant was privileged from answering any question concerning the facts alleged in the complaint and could not be compelled to answer upon an examination before trial any question which

would support the claim of the defendants either against him or his co-defendants.

The learned justice who wrote the opinion in that case, regarded the action, and properly, as penal in its character, and held that under the provisions of section 837, to which reference has been made herein, and the case of *Henry* agt. *Salina Bank* (*supra*), a party was not required to be a witness.

We cannot follow that case, however, because we think that the distinction between actions purely penal involving forfeiture, and actions in the nature of a forfeit which would merely impose the payment of a debt, was not considered.

For these reasons, it is thought that the motion to compel the plaintiff to receive an unverified answer was properly denied and that the order appealed from should therefore be sustained.

A different result, however, has been arrived at with regard to the motion to set aside the judgment, upon the ground that it was irregularly obtained. It appears that an affidavit of merits had been served, and, as we have already learned, an answer also; but the latter was returned because it was not verified. The action is clearly not *ex contractu*, as appears from the cases already cited, and to which may be added *Macomb* agt. *N. Y. C. and H. R. R. R. Co.* (59 *N. Y.*, 176), *Wild* agt. *Suydam* (64 *N. Y.*, 173), *Easterly* agt. *Barbour* (65 *N. Y.*, 262). And not being an action *ex contractu*, the clerk was not authorized, under section 1212 of the Code of Civil Procedure, to enter the judgment, the complaint not setting forth one or more causes of action embraced within, and contemplated by, section 420 of the Code.

It is contended, however, by the respondent that, assuming the judgment to have been irregularly entered, the defendant is not prejudiced, and, therefore, it should not be set aside, inasmuch as the appellant cannot set up any meritorious defense. The response to this is, that the answer is not before us, and that an affidavit of merits is upon file, which is regarded as destructive of the contention mentioned.

. For these reasons it is thought that the order appealed from, in reference to the unverified answer, should be affirmed, and the order in regard to the vacation of the judgment should be reversed without costs of either party of this appeal. These conclusions each apply to three other cases presented at the same time this appeal was heard, and involving the question discussed and disposed of.

Ordered accordingly.

DANIELS and DAVIS, JJ., concur.

---

# SUPREME COURT.

