HENRY A. GADSDEN, Respondent, v. EDWARD H. WOODWARD, Appellant, Impleaded with Others (and Three Other Cases).

*Practice — action against a trustee of a corporation for a failure to file a report — the defendant cannot serve an unverified answer — Code of Civil Procedure, secs. 523 and 837 — such an action being* ex delicto, *the clerk cannot enter judgment on default, under section 1212 of said Code.*

In this action, brought by a creditor of a manufacturing corporation against certain of the trustees thereof, to enforce a liability alleged to have been incurred by them by reason of a failure to file the annual report, as required by law, the summons and a complaint, duly verified, were served upon the defendant Woodward. Woodward served an unverified answer upon the plaintiff and claimed to be entitled so to do, under sections 523 and 837 of the Code of Civil Procedure, upon the ground that the action was brought to recover a penalty.

*Held,* that the claim could not be maintained.

That, although the action was in its nature *ex delicto* and in its character penal, yet the penalty to be enforced thereby was not a penalty in the sense in which that word is used in the said section 837.

In other words, the "penalty" as to which the witness may, by that section, be excused from testifying, must necessarily involve a forfeiture; and this must be a forfeiture as contradistinguished from the liability to pay a debt. It must be characterized by the loss of some right, privilege, estate, honor, office or effects, by an offense, crime, breach of condition, or other act.

*Clapper* v. *Fitzpatrick* (3 How., 314) distinguished; *Hughen* v. *Woodward* (August No., 1885, How. Pr., 127) overruled.

After an order, denying the defendant's motion to compel the plaintiff to receive his unverified answer, had been made, the plaintiff entered a judgment, as on a default for want of an answer, in an action upon contract and upon application to the clerk only.

*Held,* that, as the action was not *ex contractu,* and as the complaint did not set forth one or more of the causes of action embraced within section 420 of the Code of Civil Procedure, the clerk had no power to enter the judgment, and the same should be set aside.

APPEALS from orders denying motions to compel plaintiff to receive an unverified answer, and from orders denying motions to vacate judgments.

*James B. Dill,* for the appellant.

*De B. Wilmot,* for the respondents.

BRADY, J.:

This action was brought to enforce a liability incurred, as alleged by the defendant and his co-trustees, in consequence of their failure to file an annual report, as trustees of the Pyrolusite Manganese Company. The summons was personally served on the appellant defendant within the State and the complaint was duly verified. The defendants answered separately, but the defendant Woodward served an unverified answer, which was returned the day it was served with a notice electing to treat it as a nullity, pursuant to section 528 of the Code of Civil Procedure. On the 13th of May, 1885, the appellant made a motion to compel the plaintiff to receive the unverified answer, which motion was denied and an order entered. Judgment was subsequently entered as on a default for want of an answer in an action upon contract, and, therefore, upon application to the clerk only. Thereafter the defendant moved to set aside the judgment as irregularly entered, which motion was

denied. This appeal involves the propriety of both orders denying the motions mentioned. The appellant insists, this being an action to recover a penalty, that he is not bound by the provisions of the Code to answer, under oath, the allegations in the complaint. And this view seems to be predicated of a number of decisions declaring, as they certainly do, the action to be in its nature *ex delicto*, and in its character penal. It was so pronounced in the case of the *Merchants' Bank* v. *Bliss* (35 N. Y.. 412), and since that decision, as observed by Chief Judge Ruger in *Stokes* v. *Stickney* (96 N. Y., 326), the subject of actions under the sections of the statute of 1848, which create the liabilities of trustees upon facts alleged in this action, " has frequently been under the consideration of this court, with the uniform conclusion that the actions therein provided for are penal in character, and are not in any respect based upon the theory of affording compensation to the injured party for damages sustained by reason of the omission complained of." The logical effect of these decisions, which he states, is to classify such actions under those usually designated as actions *ex delicto*, and which, at common law, were extinguished by the death of the *tort feasor*.

The Code, however, by section 523, provides that where a pleading is verified, each subsequent pleading, except a demurrer, must also be verified. And further, that the verification may be omitted in the action where the party would be privileged from testifying as a witness concerning an allegation or denial contained in the pleading, and section 837 declares that a witness shall not be excused from answering a relevant question on the ground only that the answer may tend to establish the fact that he owes a debt or is otherwise subject to a civil action; but provides that this does not require a witness to give an answer which would tend to accuse himself of a crime or misdemeanor, or to expose him to a penalty of forfeiture. Nor does it vary any other rule respecting the examination of a witness. The theory of the appellant, therefore, is that this is an action *ex delicto* for a penalty, and that as he could not be required to appear as a witness and answer any question which would expose him to a judgment for a penalty, he is not bound to verify his answer.

It will doubtless have been observed that section 837, to which reference has been made, expressly declares that the witness shall

not be excused from answering any relevant question on the ground only that the answer may tend to establish the fact that he owes a debt or is otherwise subject to a civil suit. It is true that the statute of 1848, under which this action was brought, subjects a trustee who fails to comply with some of the provisions of that statute to a penalty, which in this particular instance is the payment to the creditor of a debt due from the corporation. In other words, it extends the liability of the corporation to the trustee and imposes upon him the obligation to pay the indebtedness. It is not, however, a penalty in the sense of a forfeiture as in the case of *Henry* v. *Salina Bank* (1 N. Y., 83), and upon which the appellant herein relies. There it appears that if Chapman, the witness, had committed the act complained of, he forfeited not only twice the amount of the loan, which he made on behalf of the bank with which he was connected, but likewise forfeited the debt itself. Hence the word penalty or forfeiture used in section 837 would seem to be used in the same sense; in other words, the penalty as to which the witness may be excused from testifying necessarily must involve a forfeiture, as illustrated by the case to which reference has just been made. And this must be a forfeiture as contradistinguished from the liability to pay a debt. It must be characterized by the loss of some right, privilege, estate, honor, office or effects by an offense, crime, breach of condition or other act.

It is true that the obligation imposed to pay the debt is a *quasi* forfeiture of a man's property, but that the legislature intended to make a distinction between it and such a penalty as mentioned is very clear, for the reason which has already appeared, namely, an express declaration that the witness should not be excused from answering where the answer would tend *only* to establish that he owed a debt or was otherwise subject to a civil suit. And this view is confirmed by the definition, *first,* of a criminal action; and, *secondly,* of a civil action. A criminal action is one prosecuted by the people of the State against a person charged with a public offense for the punishment thereof. Every other action is a civil action. (See Bliss' Annotated Code, 1877, p. 1008).

We have been referred on this subject to the case of *Clapper* v. *Fitzpatrick* (3 How., 314), decided in 1848. That, however, was an action of assault and battery, and the section under which it was

decided was quite different from that now under consideration, as will be seen by an examination of that case. We are also referred to the case of *Hughen* v. *Woodward* (August No., 1885, How. Pr., 127), in which the General Term of the City Court held that in an action such as this a defendant was privileged from answering any question concerning the facts alleged in the complaint, and could not be compelled to answer, upon an examination before trial, any question which would support the claim of the defendants, either against him or his codefendants. The learned justice who wrote the opinion in that case regarded the action, and properly, as penal in its character, and held that under the provisions of section 837, to which reference has been made herein, and the case of *Henry* v. *Salina Bank* (*supra*), a party was not required to be a witness. We cannot follow that case, however, because we think that the distinction between actions purely penal, involving forfeiture, and actions in the nature of a forfeit which would merely impose the payment of a debt, was not considered. For these reasons it is thought that the motion to compel the plaintiff to receive an unverified answer was properly denied, and that the order appealed from should, therefore, be sustained.

A different result, however, has been arrived at with regard to the motion to set aside the judgment upon the ground that it was irregularly obtained. It appears that an affidavit of merits had been served, and, as we have already learned, an answer also; but the latter was returned because it was not verified. The action is clearly not *ex contractu*, as appears from the cases already cited, and to which may be added *Wiles* v. *Suydam* (64 N. Y., 173); *Easterly* v. *Barber* (65 id., 262). And not being an action *ex contractu*, the clerk was not authorized, under section 1212 of the Code of Civil Procedure, to enter the judgment, the complaint not setting forth one or more causes of action embraced within, and contemplated by, section 420 of the Code.

It is contended, however, by the respondent that, assuming the judgment to have been irregularly entered, the defendant is not prejudiced, and, therefore, it should not be set aside, inasmuch as the appellant cannot set up any meritorious defense. The response to this is that the answer is not before us and that an affidavit of merits is upon file, which is regarded as destructive of the contention mentioned.

For these reasons, it is thought that the order appealed from in reference to the unverified answer should be affirmed, and the order in regard to the vacation of the judgment should be reversed, without costs to either party of this appeal. These conclusions each apply to three other cases presented at the same time this appeal was heard, and involving the question discussed and disposed of.

Ordered accordingly.

DAVIS, P. J., and DANIELS, J., concurred.

Orders denying motions to compel plaintiff to receive unverified answers affirmed, and orders denying motions to vacate judgments reversed, without costs of appeal to either party.