## INDEPENDENT SCHOOL DISTRICT NO. 2, ROCK COUNTY v. FRED BURLEY AND OTHERS.[1]

November 26, 1926.

No. 25,659.

**City of Luverne v. Skyberg followed.**

> Judgments, 34 C. J. p. 382 n. 73.
> Limitations of Actions, 37 C. J. p. 753 n. 82.

Plaintiff appealed from an order of the district court for Rock county, Nelson, J., vacating a judgment and allowing defendants to serve an amended answer. Order modified and case remanded.

*Hansen & Engan,* for appellant.

*O. A. Lende,* for respondents.

PER CURIAM.

This case was heard by the court below and in this court in connection with that of the City of Luverne v. Skyberg, supra, page 234. The judgment was entered under the same or similar circumstances to those under which the city had its judgment. The only difference here is that the bond in suit was given in 1921, conditioned that the obligor, the National Bank of Luverne, should faithfully pay over moneys deposited with it to the credit of plaintiff. Respondents were the sureties on this bond. Judgment was entered upon the answer of the sureties signed by each individually. The answer tendered to take the place of the original, when the motion was made and granted to vacate the judgment and permit a defense, is essentially the same as in the city case, except that here is no allegation that any of the funds sued for were deposited and converted prior to the bond. So that the only legal defense, in addition to the statute of limitation to be presently noted, the answer presents is the general denial which may be held to put in issue the

[1]Reported in 211 N. W. 7.

amount of deposits the bank failed to pay over on demand after its doors were closed.

Respondents pleaded that the cause of action did not accrue within three years before commencement of this action, claiming G. S. 1923, § 9192, applicable. It reads: "The following actions shall be commenced within three years: 1. * * * 2. Upon a statute for a penalty or forfeiture to the party aggrieved." This cause of action is not predicated upon a statute but upon a contract, a bond given directly to plaintiff, and is clearly within § 9191, and as to which no other limitation is expressly prescribed than that of six years in said section. The case of Merchant's Bank v. Bliss, 35 N. Y. 412, cited on the oral argument, is not in point, for it was an action based on a penalty given by a statute for the benefit of an aggrieved party.

The same disposition as was made in the case of City of Luverne v. Skyberg must be made here. The judgment should be reinstated and the trial be had as ordered.

The order appealed from is modified accordingly and the cause remanded for further proceedings in conformity to this opinion.